*J. Ryman*, for the appellee.

Nov. Term,
1855.

GILLESPIE
v.
THOMPSON.

------------

GILLESPIE *v.* THOMPSON, Guardian, &c.

A person under guardianship as a lunatic, can not, under the R. S. 1852, on his personal application, have the fact of his restoration to sound mind tried and determined.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—*John N. Gillespie* was, upon the verdict of a jury, declared a lunatic, and *John A. Thompson* was appointed his guardian.

Subsequently, in *July*, 1855, said *John N. Gillespie* filed his petition in the *Decatur* Common Pleas, alleging that he had become of sound mind, and asking to be declared discharged from his disability as a lunatic.

On motion of *Thompson*, his formerly appointed guardian, the Court dismissed the petition of *Gillespie*.

We think the Court did right.

Section 2, p. 333, 2 R. S. 1852, provides that "whenever any person shall, by statement in writing, represent to the Court," &c., "in," &c., "that any inhabitant of," &c., "is a person of unsound mind," &c., "such Court shall," &c.

Section 10 of the same chapter enacts, that "whenever it is alleged that such person of unsound mind has become

Wednesday,
December 26.

Nov. Term,
1855.

of sound mind again, the fact may be tried and determined in the same manner as the allegation of the unsoundness of mind," &c.

We think the allegation of restoration to soundness of mind, should be made to the Court by some person other than the person under guardianship as a lunatic.

*Per Curiam.*—The judgment is affirmed.

*J. Ryman*, for the appellant.

*B. W. Wilson*, for the appellee.