May Term,
1858.

ROBERTSON
v.
BERGEN.

---

## ROBERTSON *v.* BERGEN.

Application upon affidavit to set aside a judgment rendered by default in a suit upon a promissory note, in *October*, 1853. At the *January* term, 1855, the Court refused to set it aside. The affiant said he mistook the Court in which his cause was pending. *Held*, that the case is not within any of the statutes authorizing the Circuit and Common Pleas Courts to set aside judgments.

*Friday,*
*June 18.*

APPEAL from *Johnson* Court of Common Pleas.

PERKINS, J.—Application upon affidavit, to set aside a judgment, rendered in *October*, 1853. At the *January* term, 1855, the Court refused to set aside the judgment. The judgment had been rendered by default, in a suit upon a promissory note.

We are not informed by the record, or brief of counsel, upon what statutory provision the relief sought was asked, and hence we must examine all, so far as we may be able to find them, bearing upon the subject, and ascertain within which it falls, if within any.

Courts of Common Pleas, and Circuit Courts, are authorized in five different cases, to set aside judgments in civil actions. As to criminal, see 2 R. S. p. 380.

1. They are authorized in civil actions, by a general provision, to grant new trials at the term judgments are rendered, or within a year afterwards, for causes discovered after the close of such term. 2 R. S. p. 119, §§ 354 to 357. These sections prescribe the practice in such cases.

The present application is not made under these sections, and does not make a case falling within them.

2. In cases where parties have had only constructive notice, the judgment may be opened within five years, except in divorce cases. 2 R. S. p. 37, §§ 43 to 45.

The present case does not fall within these sections, as it is one in which actual service of process was had.

3. Judgments may be reviewed in certain cases, within three years, &c. 2 R. S. p. 165. See *McJunkin* v. *McJunkin*, 3 Ind. R. 30, in connection with this citation of the statute.

This is not such a proceeding.

4. In actions for the recovery of possession of real estate, judgments may be vacated, upon conditions, within one year. 2 R. S. p. 167.—*Benner* v. *Benner*, at this term (1).

This is not such a case.

5. The Court may relieve a party from a judgment at any time within a year, taken against him through mistake, surprise, or excusable neglect, &c. 2. R. S. p. 48, § 99.

Probably the appellant designed to proceed under this provision; but his affidavit does not show a state of facts entitling him to relief under it. He says he mistook the Court in which his case was pending.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch*, for the appellant.

*S. P. Oyler*, for the appellee.

(1) *Ante*, 256.