HAZELRIGG and Others *v.* WAINWRIGHT.

A judgment having been regularly entered by default, on the second day of the term, the defendant appeared on the fifth day, and moved, on affidavit, to set the default and judgment aside. The affidavit disclosed the defense of usury, and alleged that defendant had, before the first day of the term, employed counsel, upon whom he relied to make his defense, &c. *Held,* that such motions are left, in great part, to the discretion of the Court below, and that there was no abuse of such discretion in overruling the motion, the affidavit being defective in not showing that the facts were disclosed to the attorney.

APPEAL from the *Union* Common Pleas.

WORDEN, J.—Suit by *Wainwright* against the appellants, upon a promissory note. On the second day of the term to which the summons was returnable, the defendants were defaulted, and judgment rendered against them. On the fifth day of the same term, *Hazelrigg* appeared and filed his affidavit, and moved thereon to set aside the default, and to obtain leave to plead. The defense sought to be set up was usury.

The affidavit sets out the facts constituting the alleged usury, but it fails to show any excuse for a failure to appear and answer upon the calling of the cause on the second day of the term, except that before the first day of the term the defendant employed counsel to defend the cause for him, and that relying on such counsel, he failed to be present when the cause was called, to put in his defense.

The Court overruled the motion, and in this ruling we can not say that any error was committed. In such cases, much is left to the discretion of the Courts below, and there does not appear to have been any abuse of this discretion. The affidavit is quite defective, in not showing that the counsel employed was put in possession of such information as was necessary, in order to enable him to plead the usury, or that he was advised of the nature of the defense at all. Again, it does not appear how it happened that the counsel employed neglected the defense; whether from accident, neglect merely, or from not being advised what defense to make.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*T. W. Bennett,* for the appellants.