*J. E. McDonald* and *A. L. Roache,* for the appellee.

---

## Nelson *v.* Johnson.

The last clause of section 99 of the code, authorizes relief in cases in which the ground of relief is limited to, or connected with, the act of taking or rendering judgment, and not on account of errors occurring during the progress of the cause when both parties are present in Court.

Section 356 of the code, authorizes relief for causes of new trial dis-
covered after the term; but these causes must be such as would
have justified a new trial during the term, had they been known,
and they must have existed at the time of the trial.

Section 586 of the code, authorizes a review of a judgment for error
appearing on the face of the record, or for "material new matter,"
discovered after its rendition, which new matter means the fact or
facts constituting the ground of action or defence, and not mere
evidence of those facts.

In an action brought by an equitable assignee, the assignor should be
made a party.

Experts may be called to testify their opinions as to whether a date
in a note had been altered, by the substitution of one figure for
another.

APPEAL from the *Grant* Common Pleas.

PERKINS, J.—Complaint to review a judgment. Review
denied.

In *April*, 1860, *James Johnson*, as equitable assignee of *Asa
Paris*, commenced an action against said *Paris* and *Noah
Nelson*, on a promissory note. *Paris*, the assignor, was a
non-resident, and notice of the pendency of the suit was
given him by publication. The complaint was upon a note,
for 200 dollars, dated *January* 9th, 1856, and payable *Decem-
ber* 25th, 1859. The defendant answered, admitting the exe-
cution of a note such as that sued on, but averring that that
note was misdescribed in the complaint; that the note filed
with the complaint was payable in 1857, and not in 1859;
that since he executed it, the figure 9 had been altered to
figure 7. This answer was sworn to, and was designed for a
special *non est factum.* The plaintiff replied the general de-
nial. Trial by the Court. The note was offered in evidence,
was objected to as a note payable in 1857, and not in 1859,
and therefore varying from that described in the complaint,
but the objection was overruled, and, at the *November* term,

Nelson *v.* Johnson.

1860, there was judgment for the plaintiff on the note, against *Nelson*, the maker.

A good deal of evidence was produced to the Court on the question of the alteration of the note, including a deposition of *William E. Parker*, the original draftsman of it. A number of witnesses examined the note, and testified their opinion as to its having been altered. There was no objection taken on either side to any evidence offered. A motion for a new trial was made on the two grounds that the judgment of the Court was contrary to law, and was not sustained by the evidence; the motion was overruled, exception taken, and an appeal prayed to the Supreme Court. The appeal was not presented; but on the 4th day of *April*, 1861, the present suit was instituted to get the judgment set aside, and a new trial allowed, on account of errors appearing in the record, and of newly discovered evidence. The points to be considered are:

1. The giving of notice by publication to the equitable assignor.

2. The permitting of unskilled persons to testify as experts.

3. The refusal of the Court to grant a new trial in the original case.

4. Alleged newly discovered evidence.

But we propose first to ascertain the statute by virtue of which this proceeding is sought to be maintained. Section 99 of the code allows the Court "to relieve a party from a judgment taken against him through mistake," &c. This section seems to have reference to cases in which the ground of relief is limited to the act of taking or rendering the judgment, as in cases of default, and does not look to errors which occur during the progress of a cause where both parties are present in Court. The following cases belong to this class: *Fraizer* v. *Williams*, at this term; *Robertson* v. *Berger*,

11 Ind. 402; *Walley* v. *Walley*, 12 *id.* 663, which was a judgment by default.

Section 356 authorizes the Court to grant a new trial upon application made within a year, where the cause or causes for such new trial are discovered after the term; but these causes must be such as would have justified the granting of a new trial during the term, had the causes, which must have then existed, been known. Newly discovered evidence of matter that existed at the time of trial is one cause for granting a new trial. See *Allen* v. *Gullum*, 16 Ind. 234.

Section 586 authorizes a review of a judgment upon a complaint filed within three years after the rendition of the judgment. The review may be had for errors appearing on the face of the record, and for "material new matter" discovered after its rendition. New matter is a different thing from new evidence. Matter, as the word is used in law, means a fact or facts constituting the whole or a part of a ground of action or defence. Evidence is that which tends to prove or disprove the existence of such fact or facts. See Story's Eq. Pl. sec. 404. A new trial could not be granted, even at the term, for new matter discovered after the trial; because the new matter would have to go into the pleadings before proof of it would be allowed. Hence, in such case, the section of the statute authorizing a complaint for review would have to be resorted to, in which the new matter could be set forth. But if new evidence of a fact, of matter, already in the pleadings, is discovered, a new trial may be granted for that. So, a new trial for error appearing on the face of the record, could not be granted after the term, because it would necessarily be presumed to be known at the term; hence, for that, a complaint for review would necessarily have to be resorted to.

In the complaint in the case at bar, it will be seen from what has been said, there is a mingling of causes for review

and for new trial. We must limit our consideration to one or the other of the classes of causes. Were they all of one class, perhaps we might disregard a misnomer of the class in the complaint. See *McKee* v. *Daggy & Co.*, at the last term.

But where the two last classes are joined, we may properly limit our investigation to the class corresponding with the name of the complaint. We limit ourselves, then, to the notice by publication, the testimony of the experts, and the refusal to grant a new trial, the complaint being nominally one for a review.

1. Where a suit is brought by an equitable assignee, the assignor should be made a party. This the statute requires. This was always the rule in equity. Says Mr. Story, in his Equity Pleading, sec. 153: "In general, the person having the legal title in the subject matter of the bill, must be a party, (either as plaintiff or defendant,) although he has no beneficial interest therein, so that the legal right may be bound by the decree of the Court."

But suppose, as in this case, the assignor is a non-resident of the State, can he be made a party to the suit? In cases concerning real estate, where the judgment is to operate *in rem*, and not *in personam*, there may be judgment on constructive notice. See sec. 38, 2 R. S. p. 35. In cases of divorce, the statute authorizes a personal judgment on constructive notice; but as the general rule the code provides, sec. 395, 2 R. S. p. 126, that "no personal judgment shall be rendered against a defendant constructively summoned, who has not appeared to the action." In case of an assignor in equity, is a personal judgment asked? Would he have the right to come in and vacate a judgment barring his interest, at any time within five years? We shall not decide anything on this point, because no objection was taken, the point was not made, in the original suit, while it might have been by the plaintiff in this suit for review, as he was the real defendant

in that suit. He has not placed error on this point upon the face of the record of the original suit.

2. As to experts.

Greenleaf says that "though the opinions of witnesses are in general not evidence, yet on certain subjects, some classes may deliver their own opinions, and on certain other subjects, any competent witness may express his *opinion or belief.*" 1 Greenleaf Evidence, sec. 440, and note, 10 ed.

Bouvier defines experts thus: "From the Latin, *experti,* which signifies, instructed by experience. Persons who are selected by the Courts or the parties in a cause, on account of their knowledge or skill, to examine, estimate, and ascertain things, and make a report of their opinion. Merl. Repert. Mat. Expert; 2 Lois. Des. Batimons. 253; 2 N. S. 1; 5 N. S. 557; 3 L. R. 350; 11 L. R. 314; 11 S. R. 336; Ray Med. Jur. Prel. Views, sec. 29; 3 Bouv. Inst. n. 3208." See, also, Whart. & Still. Med. Jur. sec. 86, *et seq.;* 1 Whart. Cr. L. sec. 45, *et seq.; Sinclair* v. *Roush,* 14 Ind. 450; *Wetherlee* v. *Bennett,* 2 Allen (Mass.) Rep. 428; *Commonwealth* v. *Fairbanks, id.* 511; *Hubbell* v. *Bissell, id.* 196.

In the case at bar, the question to be solved by the skill of experts, was whether the figure 9, in a promissory note, had been altered to a 7. This was a proper subject for the opinion of experts; and certain persons were permitted to testify as to theirs. The record does not show whether they were experts or not, but they were permitted to testify without objection, and no motion was made for the withdrawal of their evidence from the consideration of the jury. No error, on this point, appears on the face of the record. See, as to alteration of written instruments, 1 Greenleaf, sec. 564, *et seq.* and note, 10 ed.

3. On the evidence, we will not hold in this case, that the Court erred in refusing to grant a new trial.

The note sued on was described in the complaint as paya-

ble in 1859. The defendant admitted he had made such a note. The Court held that the note, on its face, appeared to be payable in 1859, and admitted it in evidence as corresponding with that described in the complaint. *Moorman* v. *Barton,* 16 Ind. 206. See *Stoner* v. *Ellis,* 6 Ind. 152. It was attempted to prove that the original 9 had been altered to a 7; but conceding that to be a fact, there was no evidence to show who had done it, nor how it had been done, nor for what purpose. The party claimed no advantage from an alteration. Suppose a blot or mark had been made by a stranger, by a child, or by accident? In a case of doubt, on such a point, the Supreme Court would not reverse on the evidence. See *Jones* v. *Julian,* 12 Ind. 274; *Collins* v. *Makepeace,* 13 *id.* 448.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. H. Jones,* for the appellant.

*H. D. Thompson,* for the appellee.