## WEBSTER *v.* MAIDEN.

PRACTICE.—*Relief from Judgment.—Fraud.—Newly-Discovered Evidence.—Ex parte Affidavits.*—There are three proceedings which may partially involve the facts in the case, to which a party may resort after judgment has been rendered against him in the same court.

*First.* Any one who is a party to a judgment, or the heirs, devisees, or personal representatives of a deceased party, may file, in the court where such judgment was rendered, a complaint for a review of the proceedings and judgment at any time within three years next after the rendition thereof. Any one under legal disabilities may file such complaint at any time within three years after the disability is removed. A divorce is excepted from this provision. The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter discovered since the rendition thereof, or for both causes, without leave of court. In this proceeding the parties have the right to form issues of law and fact, and try these issues, as in other cases. " New matter " means something more than newly-discovered evidence, which alone will not sustain a complaint to review a judgment.

*Second.* Another method of relief from a judgment, and more frequently resorted to, is an application for a new trial. This is usually made during the term at which judgment is taken. Where, however, the cause is discovered subsequent to that term, a complaint may be filed, not later than the second term after the discovery, on which a summons issues for the next term, and the case is decided summarily on the evidence, but the application must be made within one year after final judgment.

*Third.* Section 99 of the code provides, that the court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, within two years. Where issues of fact have been formed and tried by a jury, and there has been a finding for the plaintiff, and a motion for a new trial has been overruled, and final judgment has been rendered, which on appeal to the Supreme Court is affirmed, the 99th section does not authorize the court to set aside the judgment upon *ex parte* affidavits of the discovery of new evidence relating to the issues which were disposed of in the former trial. The section was not intended to authorize relief from a judgment based upon a verdict which was the result of a trial in a case where issues had been formed, and both parties appeared, and the only ground for relief is newly-discovered evidence relating to the issues which were so tried. It applies to cases where, through the mistake, inadvertence, surprise, or excusable neglect of the party, the merits of the case have not been put in issue, tried, and decided. If it be admitted that courts in this country have the equity power recognized in English jurisprudence to give relief from a judgment obtained by fraud, still this cannot be done upon a mere *ex parte* showing.

## APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—The appellant sued the appellee on a joint and several promissory note executed by the appellee and one Sheeks. Issues were formed, denying the execution of the note, etc.; there was a trial by jury, a verdict for the plaintiff, a motion by the defendant for a new trial overruled, and final judgment rendered on the verdict against him. The defendant appealed to this court, where the judgment of the common pleas was, in all things, affirmed. *Maiden* v. *Webster*, 30 Ind. 317. The judgment in the common pleas was rendered on the 17th day of February, 1868, and was affirmed in this court during the November term, 1868.

On the 7th day of January, 1870, a written motion was filed in the clerk's office of the common pleas, by the defendant, to set aside the judgment rendered on the 17th day of February, 1868. The grounds stated in this motion are the following: "That said judgment was obtained by fraud upon the part of the plaintiff in this; the plaintiff, Reuben J. Webster, colluded and conspired with Daniel C. Viers and one McDaniel to cheat and defraud this defendant, Thomas G. Maiden, in this: the said note sued upon herein was never signed by this defendant, neither was the name of this defendant signed to said note by any person thereunto lawfully authorized. The name of this defendant appears, upon the face of said note, to have been signed by one Sheeks; that said Sheeks had no authority whatever, either direct or indirect, express or implied, to sign the name of this defendant to said instrument, or any other obligation whatever; but said Reuben J. Webster, Daniel C. Viers, and McDaniel, for the purpose of defrauding this defendant, knowingly, falsely, and fraudulently, while under oath as witnesses on behalf of said plaintiff, stated to the jury, upon the trial of said cause, that said Sheeks and Maiden were in partnership in dealing in grain at a certain warehouse in Remington, Jasper county, Indiana, at the date of said note, and said Webster falsely and fraudulently represented and testified as witness aforesaid that said note was given by said Sheeks for money (one thousand dollars) loaned by

him (Webster) to Sheeks and Maiden, to be used in said grain business at, etc., and that said Sheeks signed the name of Maiden to said note by his authority as such partner; that all of said evidence was knowingly, wilfully, falsely, and fraudulently given to the court and jury, in said case, to deceive the said court and jury and defraud this defendant; and the said court and jury were thereby deceived, and this defendant thereby defrauded in a large amount, so that said defendant is almost broken up; that said evidence was the sole and only evidence upon which defendant was held liable upon said note, and said witnesses were all who testified for the plaintiff; that since said trial, and recently, this defendant has learned that he can establish the truth and fact in this case to be that said Webster did not loan any money to said Sheeks, and that instead of this defendant and said Sheeks being in partnership in said grain trade, which they never were at any time, the said Webster and said Sheeks were partners in the said grain trade at said time and place, and that about the date of said note, October 19th, 1864, said Sheeks and Webster lost money largely in said grain business, and said Webster made a pretended sale of his interest in the said grain business to said Sheeks, and got said Sheeks to execute to him the note sued upon herein, and procured said Sheeks to sign the name of this defendant to said note, the said Sheeks and Webster well knowing at the time that said Sheeks had no authority whatever to sign said note; that it was so procured by said Webster to cheat and defraud this defendant, the said Webster well knowing that said Sheeks was, at the time he signed the same, largely involved and insolvent, and said sale by said Webster being a mere sham, he knowing that said amounts he and Sheeks had invested in the grain trade had all been lost, and that the note was wholly without consideration, but was, by collusion between said Sheeks and Webster, fraudulently drawn for the purpose aforesaid, all of which this defendant has but recently learned that he can fully prove. Reference is then made to certain affidavits filed with the motion, and it

is stated that two additional paragraphs of answer are presented, which the defendant proposes to file, if the judgment shall be set aside. It is also stated that of the facts set up in these new paragraphs of answer the defendant had no knowledge at the time of the former trial, although diligent search had been made by him; that he believes he will be able to prove the facts stated, and that he believes if he had known these facts he could have made a successful defence at the former trial; and that said judgment was obtained against him "through his mistake, inadvertence, surprise, and excusable neglect, in this:" He was surprised, on the trial of said cause, to hear said Webster, Viers, and McDaniel swear that he (Maiden) was a partner of Sheeks in the grain trade at Remington, Indiana; that he had no means of foreknowing that they had thus colluded to defraud him, and that they would thus fraudulently and falsely swear to what they knew was false; at the time they were so permitted to testify, during the progress of the trial, this defendant did not know where he could obtain the evidence to establish the fact that such statements were false and fraudulent, but he has since, and recently, learned of the evidence he desires to introduce, and herewith refers to the above affidavits; that the evidence he will procure is at and near Remington, etc., some seventy-five miles distant from the residence of this defendant, which is in, etc.; that because of said distance, and his being wholly unadvised that such evidence would be pertinent and needed, he was unable to produce the same on the former trial, and for the want of the same the said fraudulent advantage was taken of this defendant that gave the plaintiff said judgment. Reference is made to the affidavits filed of his attorneys in the cause at the time of the rendition of the judgment to explain an apparent neglect on his part. He states that he is in limited circumstances, and that the said judgment will sweep from him all his property. Because of all which facts he enters his motion under section ninety-nine of the code, and prays the court to set aside the judgment, grant him leave to file

said additional paragraphs of answer, and for such other and further relief as he may be entitled to in equity and good conscience. The motion is verified by the oath of Maiden.

The plaintiff objected to the motion by demurring thereto, but his demurrer was overruled. He then asked leave to controvert the facts alleged, which motion was also overruled, and he was not allowed to answer to the motion, or to introduce any evidence in opposition to its statements. Exceptions were duly taken to these rulings. And the court thereupon, upon the written motion and the affidavits in support thereof, set aside the judgment, to which the plaintiff excepted, and allowed the defendant to file the additional paragraphs of answer; issues were again formed, and there was a trial thereof, verdict for the defendant, motion for a new trial by the plaintiff overruled, and final judgment rendered for the defendant. The plaintiff appealed, and has assigned as error the overruling of his demurrer to the motion to set aside the judgment, the refusing to allow him to answer the motion, and the setting aside the judgment; also the overruling of the demurrer of the plaintiff to the fifth paragraph of the answer of the defendant, the overruling his motion for judgment, notwithstanding the verdict, and the refusal to grant him a new trial.

The appellee has assigned as a cross error the sustaining of the demurrer of the plaintiff to the second paragraph of the answer. The appellant asks that the proceedings subsequent to the rendition of the first judgment may be reversed and set aside; and the appellee asks that if there shall be a reversal, the judgment and proceedings may be reversed back to the sustaining of the demurrer of the plaintiff to the second paragraph of the answer, including, of course, the first judgment.

We may as well in this as in any other part of this opinion state what we have determined with reference to the cross error assigned. The sustaining of the demurrer to the second paragraph of the answer was one of the errors assigned when the case was here before. The question was

Webster *v.* Maiden.

fully considered, and decided against the party now assigning it for error. We do not see how there can well be any diversity of opinion with reference to the question. Hence we hold that there was no error in that ruling.

The question relating to the regularity of the action of the court upon the motion to set aside the first judgment is, we think, one, the decision of which must dispose of the case, so far as this appeal is concerned. The appellee insists that the case is one where the party might have relief against the judgment according to section ninety-nine of the code, while the appellant contends that the opposite of this is true.

There are three steps or proceedings which may, to some extent, at least, involve the facts of the case, to which a party may resort after judgment has been rendered against him in the same court. Any person who is a party to any judgment, or the heirs, devisees, or personal representatives of a deceased party, may file, in the court where such judgment is rendered, a complaint for a review of the proceedings and judgment, at any time within three years next after the rendition thereof. Any person under legal disabilities may file such complaint at any time within three years after the disability is removed. But no complaint can be filed for a review of a judgment for a divorce. The complaint may be filed for any error of law appearing in the proceedings, and judgment, or for material new matter, discovered since the rendition thereof, or for both causes, without leave of the court. 2 G. & H. 279, secs. 586, 587.

In this proceeding the parties have the right to form issues of law and fact as in other cases, and, of course, to have a trial of them in the ordinary way. It is clear that, under the decisions of this court, and upon the facts stated, the proceeding in this case for relief against the judgment was not commenced under this part of the code, and that it cannot be sustained as a complaint to review the judgment. It was supposed that fraud in obtaining a judgment may be

shown as a cause for review of the judgment. *Quick* v. *Goodwin*, 19 Ind. 438. But it has been several times held, that "new matter," within the contemplation of the code, means something more than newly-discovered evidence, and that a complaint to review a judgment cannot be sustained on account of newly-discovered evidence merely. *Fleming* v. *Stout*, 19 Ind. 328; *Nelson* v. *Johnson*, 18 Ind. 329; *Hall* v. *Palmer*, 18 Ind. 5.

Another mode of obtaining relief from a judgment rendered is by an application for a new trial. This mode is resorted to much more frequently than any other. Generally the application is made during the term at which the verdict or decision is made. 2 G. & H. 215, sec. 354. But where causes for a new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term, and the application is to stand for a hearing at the term to which the summons is returned executed, and it is to be summarily decided by the court, upon the evidence produced by the parties. But no such application can be made later than one year after the final judgment was rendered. 2 G. &. H. 215, sec. 356. Every application for a new trial implies, of necessity, that there has already been one trial of the issue or question involved.

Another mode of obtaining relief from a judgment rendered against the party, is by an application to the court under section 99, 3 Ind. Stat. 373. That section provides, that "the court may at any time, in its discretion, and upon such terms as may be deemed proper, for the furtherance of justice, direct the name of any party to be added or struck out, a mistake in name, description, or legal effect, or in any other respect, to be corrected, any material allegation to be inserted, struck out or modified, to conform the pleadings to the facts proved, when the amendment does not substan-

Webster *v.* Maiden.

tially change the claim or defence.   The court may also in
its discretion allow a party to file his pleadings after the
time limited therefor, and shall relieve a party from a judg-
ment taken against him, through his mistake, inadvertence,
surprise or excusable neglect, and supply an omission in
any proceedings on complaint or motion filed within two
years."

Under this section, we are informed by the written motion,
the application in question was made.   In the case under
consideration, there had been issues of fact formed, which
were tried by a jury; there was a verdict for the plaintiff, a
motion for a new trial made and overruled, and a final judg-
ment rendered for the plaintiff.   An appeal from the judg-
ment to this court had resulted in an affirmance of the judg-
ment.   After all this, a motion was made, which, stripping
it of merely useless words, shows nothing more, if it shows
anything material, than the discovery of new evidence re-
lating to the issues which were disposed of in the former
trial of the cause; and upon this application, supported by
affidavits wholly *ex parte*, the judgment, which had been
rendered on a verdict based upon the merits of the cause,
after a full and fair trial, is annulled and set aside.   In our
judgment, such a practice is wholly unwarranted and unjus-
tifiable.   We are clearly of the opinion that that part of sec-
tion 99 relating to relief from a judgment taken against the
party through his mistake, inadvertence, surprise, or excusa-
ble neglect, is not intended to authorize the court to grant
such relief from a judgment based upon a verdict which
was the result of a trial in a case where issues had been
formed, where both parties appeared and participated in such
trial, and where the ground of such application is the sub-
sequent discovery, or alleged discovery, of new evidence re-
lating to the issues which were so tried.   It was, no doubt,
intended to apply to cases where, for some reason growing
out of the mistake, inadvertence, surprise, or excusable neg-
lect of the party, the merits of the case have not been put
in issue, tried, and decided.   To hold otherwise, and sanction

the action of the common pleas, would be to decide that any judgment rendered upon the most thorough and complete examination of the facts, might be set aside, at any time within two years, upon a mere *ex parte* showing by affidavits. We think that no case can be found decided by this court which gives any countenance to any such construction.

But this can hardly be regarded as an open question in this court. In *Nelson* v. *Johnson, supra,* it is said: "But we propose first to ascertain the statute by virtue of which this proceeding is sought to be maintained. Section 99 of the code allows the court 'to relieve a party from a judgment taken against him through mistake,' etc. This section seems to have reference to cases in which the ground of relief is limited to the act of taking or rendering the judgment, as in cases of default, and does not look to errors which occur during the progress of a cause where both parties are present in court. The following cases belong to this class: *Frazier* v. *Williams*, 18 Ind. 416; *Robertson* v. *Bergen*, 10 Ind. 402; *Woolley* v. *Woolley*, 12 Ind. 663, which was a judgment by default." Many other similar cases, which have since been decided, might be added.

It is insisted by counsel for the appellee that, aside from the authority given to the courts of the State by section ninety-nine, they have all the equity powers that have long been recognized in English jurisprudence, to set aside judgments for fraud, and it is claimed, as we understand counsel, that the action of the court may be sustained on this ground. If we concede that this position is correct in point of law, it would hardly follow that the court could exercise these chancery powers upon a mere *ex parte* showing, as was done in this case, upon a simple motion. It need not be controverted that the courts of this State may, upon a proper proceeding in a proper case set aside a judgment for fraud. We do not decide that this may not be done. We do decide that it could not be done in this case, for the reason and in the manner in which it was done.

The proceedings in the cause, subsequent to the rendition

of the first judgment on the 17th day of February, 1868, are reversed, with costs, and the cause remanded, with instructions to overrule the motion to set aside the judgment.

*S. C. Willson, L. B. Willson, J. McCabe,* and *J. M. Butler,* for appellant.

*J. Buchanan,* for appellee.