Lake *et al. v.* Jones *et al.*

remanded, with instructions to sustain the demurrer to the paragraphs of the answer, and for further proceedings.

———————◆———————

LAKE ET AL. *v.* JONES ET AL.

PRACTICE.—*Relief from Judgment Taken by Default.—Affidavits.*—In an application, under the last clause of amended section 99 of the code (3 Ind. Stat. 373), to be relieved from a judgment taken by default, the party applying for relief must show that he has a meritorious defence or cause of action, as the case may be, and this should be supported by his affidavit; and on this point counter affidavits will not be received; but in respect to the grounds on which relief is asked, evidence will be heard on both sides.

SAME.—Such application may be by motion or complaint, and may be tried upon affidavits, depositions, or oral testimony, and if made during the term, no notice is required; if after the term, notice should be given. An answer is not necessary in such case.

SAME.—*Pleading.*—A complaint to set aside a judgment rendered by default, on the ground of fraud, where the only fraud alleged is, that the plaintiff commenced the action when there was nothing due him, is bad.

SAME.—A party against whom a judgment by default has been rendered must seek relief under the last clause of section 99 of the code.

SAME.—*Excusable Neglect.*—A failure to appear to an action on an account, when summoned, induced by a belief that the action was based on a note given by the defendant to the plaintiff, to which he had no defence, will not constitute excusable neglect, for which a default can be set aside.

From the Elkhart Circuit Court.

*R. M. Johnson,* for appellants.

*J. H. Baker, J. A. S. Mitchell,* and *J. D. Osborn,* for appellees.

BUSKIRK, C. J.—This was a proceeding by the appellants against the appellees, under section 99 of the code as amended by the act of 1867, 3 Ind. Stat. 373, for relief from a judgment theretofore rendered, upon the ground of " mistake, inadvertence, surprise or excusable neglect."

The appellants allege in their complaint that appellee Jones brought suit against them on an account, at the March term, 1871, and that they were duly served with summons therein; that, at that time, they were indebted to said Jones on a note which they had given him, and which became due in the spring of 1871; that he had no other right of action against them; that they had no notice of an assignment of said note by Jones to any one; that they had no defence to make to such note; that they lived fourteen miles from the county seat where said action was commenced against them; that they believed said Jones still held said note, and knew they were not indebted to him on any other claim or account whatever, and so knowing and believing, they did not appear in said court to said action, but suffered judgment to go by default against them, under the belief that such action was brought on such note, which was then due, and was the only cause of action which he held against them; that when they entered replevin bail on said judgment, they were informed by the clerk of the amount of said judgment, and it being about the sum they supposed was due on the note, they were still further confirmed in the belief that the said suit was upon the note they had given said Jones; that they did not discover the fraud which had been practised upon them by the said Jones until in April, 1871, when they were sued in said court by one Lutz, on the note they had given said Jones, and who claimed to hold the same by indorsement; that as soon as the said Jones obtained a judgment on said account, he assigned the same to the Studebaker Bros. Manufacturing Co. as collateral security, in furtherance of his fraud upon them; that said judgment was unjust, wrongful, and fraudulent, and without foundation in right, and was taken against them through their inadvertence, oversight, and excusable neglect, and they ask to be relieved against the same, and that it be declared null and void.

The appellee Jones answered by a denial.

The Studebaker Bros. Manufacturing Co., failing to answer, was defaulted.

The cause was submitted to the court for trial and resulted in a finding for the appellees.

The appellants moved the court for a new trial, but the motion was overruled, and final judgment was rendered for the appellees.

The error assigned challenges the action of the court in overruling the motion for a new trial.

The appellees have assigned as a cross error that the complaint does not contain facts sufficient to constitute a cause of action.

The first and principal reason relied upon for a new trial is based upon the action of the court in permitting the appellees to introduce evidence tending to show that the appellee Jones had a just cause of action, and that the appellants had no defence to such action.

The solution of the question depends upon the nature of this proceeding. If it can be regarded as an application, under the last clause of section 99, to be relieved of the judgment which was taken against the appellants by default, then the evidence was incompetent and improper. In such a proceeding, the party applying for relief from such judgment should show that he has a meritorious cause of action or defence, as the case may be, which is involved in the judgment from which he seeks to be relieved, and this should be supported by his affidavit. On this point, counter affidavits will not be received, because that would put in issue the merits of the original action, which cannot be tried until the default is set aside. But in respect to the grounds on which relief against the judgment is asked, evidence will be heard on both sides, because these matters may properly be put in issue. *Hill* v. *Crump,* 24 Ind. 291 ; *Buck* v. *Havens,* 40 Ind. 221.

We cannot so regard this proceeding. An application to be relieved from a judgment rendered on default may be by motion or on complaint. The evidence may consist of affidavits, depositions, or oral testimony. No answer is required. *Buck* v. *Havens.* If made during the term, no notice is required. *Burnside* v. *Ennis,* 43 Ind. 411. If made after the term, notice should be

given. The whole purpose of the proceeding is to set aside the default, so that the action may be prosecuted or a defence made. The proceeding is a summary one, but both parties may file affidavits upon the point on which the relief is sought. If the default is set aside, the cause can be tried on its merits.

This action was commenced by a complaint and summons. A rule was taken for an answer, and one was filed. The cause was submitted to the court for trial, and was heard upon oral testimony. The complaint did not ask to have the judgment set aside, and the appellants admitted to defend. The whole case seems to have proceeded upon the theory that the judgment was fraudulent, and the prayer of the complaint was, that such judgment should be adjudged to be null and void.

If this could be treated as a proceeding under sec. 356 of the code, 2 G. & H. 215, the evidence objected to would be admissible, because it tended to prove that the plaintiff in the original action had a just and meritorious cause of action, and hence tended to disprove fraud.

Regarding this as a proceeding to set aside the judgment on the ground of fraud, we think the complaint was defective. The only fraud alleged against Jones is, that he commenced an action against appellants when there was nothing due to him. The appellants, by their failure to appear and answer the complaint, admitted that the plaintiff had a cause of action and was entitled to a judgment for some amount. With this judgment against them, the appellants are in no condition to assail the judgment on the ground of fraud. Their default admits a cause of action. While the judgment by default stands, the appellants have no standing in court, except to move to set aside the default, and to be heard upon the assessment of damages. *Briggs* v. *Sneghan,* 45 Ind. 14 ; *Fisk* v. *Baker,* 47 Ind. 534.

It is well settled that a party against whom a judgment by default has been rendered must seek relief under the last clause of sec. 99. *Woolley* v. *Woolley,* 12 Ind. 663 ; *Robertson* v. *Bergen,* 10 Ind. 402 ; *Frazier* v. *Williams,* 18 Ind. 416 ; *Webster*

Lake *et al. v.* Jones *et al.*

v. *Maiden*, 41 Ind. 124; *Fisk* v. *Baker*, 47 Ind. 534, and the authorities there cited.

Treating this proceeding, as counsel for appellants treat it, as one under section 99 of the code, the whole proceedings are irregular and informal. There should have been no complaint. There should have been no answer. The motion should have been heard upon affidavits. The evidence objected to was improperly admitted, but we cannot for that reason reverse the judgment, for the reason that, upon the cross assignment of error we must hold the complaint bad. The only excuse offered for the failure of the appellants to appear to the action, when summoned, was the belief on their part that the action was based upon the note which they had given to Jones, and to which they had no defence. We do not think this could be regarded as "excusable neglect." In a note to *Coe* v. *Givan*, 1 Blackf. 367, the following passage from 2 Graham & Waterman on New Trials, 1026, is quoted :

"When a person receives a notice of trial, he is put on inquiry to prepare his case. The law fixes the period of notice so far ahead of the sitting of the court, as to give parties ample opportunity to ascertain just what testimony they will need and to procure it."

It is difficult to define just what is meant by "excusable neglect," but it is quite certain that gross and inexcusable neglect, such as the appellants were guilty of, cannot be regarded as "excusable neglect." They not only failed to appear when summoned, but they afterward went to the clerk's office and put in replevin bail and failed to examine the judgment or inquire of the clerk upon what the judgment was based. The law favors the vigilant.

The judgment is affirmed, with costs.