## MEHARRY *v.* MEHARRY.

INSANE PERSON.—*Action to Review Order of Court Declaring a Person Insane.* —*Verdict of Jury.*—Where an action is brought to review the proceedings of the court declaring the plaintiff a person of unsound mind, the question, in legal effect, is as to the validity of such proceedings, and a verdict of the jury, finding that the plaintiff is a person of sound mind and capable of managing his estate, is not responsive to the issue presented.

SAME.—*Pleading.*—*Copy of Record.*—*Demurrer.*—In such an action, the complaint should set out a complete record of the proceedings sought to be reviewed, and a demurrer to it should be sustained for such defect.

SAME.—*Parties.*—*Legal Capacity to Sue.*—*Demurrer.*—A person declared insane, and under guardianship, can not, in person or by his next friend, institute an action to enquire into the proceedings declaring him insane. Such a proceeding can be had only on the application of some other person. Where an insane person, under guardianship, brings such an action by his next friend, the complaint must be held bad on demurrer.

From the Montgomery Circuit Court.

*M. D. White, C. M. Travis* and *J. McCabe,* for appellant.

*S. C. Willson, L. B. Willson* and *G. C. Coon,* for appellee.

NIBLACK, J.—Allen W. Meharry, by his next friend, John E. Hanna, filed his complaint in the court below, setting forth, in substance, that, on the 10th day of October, 1871, he was, on the application of G. Norton Meharry, the defendant, adjudged by the court of common pleas of Montgomery county, to be a person of unsound

mind, and that thereupon the said G. Norton Meharry was appointed his guardian; that the application of the said G. Norton Meharry to have him adjudged a person of unsound mind was not in accordance with the statute authorizing proceedings in such cases; that he, the plaintiff, was not present during the proceedings which resulted in declaring him to be a person of unsound mind, as aforesaid; that no affidavit was filed alleging his inability to attend such proceedings, and that no evidence was offered showing his inability to do so; that he was at the time able to have attended such proceedings, and would have done so, if a proper opportunity had been afforded him; that the said G. Norton Meharry procured himself to be appointed guardian as aforesaid, in order to get control of his, the plaintiff's, property, amounting in value, both real and personal, to the probable sum of twenty thousand dollars; that he, the plaintiff, at the time of such appointment, was, has ever since continued to be, and now is, a person of sound mind, and has never been otherwise at any time; that, by reason of the premises, he, the plaintiff, is restrained of his liberty, and has no control of his property; that the proceeds of his own labor have been taken away from him by the defendant, not leaving him enough for the comfort and necessities of himself and family; that the defendant has refused to pay the necessary expenses of the plaintiff, and has wasted and squandered, and is now wasting and squandering, the estate of the plaintiff; that the defendant has paid out large sums of money from the estate of the plaintiff, for which neither the plaintiff nor his estate was justly liable; that the defendant has failed and refused to account for large sums of money and divers articles of property belonging to the estate of the plaintiff, that the defendant, at the time of his appointment as such guardian, was not a resident and citizen of Montgomery county, and that the plaintiff was not described by his full name in the pro-

ceedings by which he was adjudged to be a person of unsound mind.

Wherefore the plaintiff demanded, that the defendant be compelled to account for the property in his hands as such guardian, and be removed from his trust arising out of said guardianship; that the order adjudging the plaintiff to be of unsound mind be set aside, and that he have all other proper relief.

A demurrer to the complaint, alleging a want of sufficient facts, also the incapacity of the plaintiff to sue, was overruled, and the defendant answered in general denial.

When the cause was called for trial, the plaintiff "dismissed all of his said complaint as above set forth, except so much thereof as refers to and prays for the setting aside the order, * * * declaring the plaintiff a person of unsound mind."

The clerk of the court below, claiming, as it would seem, to act under sections 2 and 10, 2 R. S. 1876, pp. 599 and 601, then filed an answer, also in general denial of the complaint. A jury trial followed, terminating in a verdict: "We, the jury, find that Allen W. Meharry is an inhabitant of Montgomery county, Indiana, and that he is a person of sound mind, and capable of managing his own estate."

Over a motion for a new trial, a judgment was rendered, declaring the plaintiff a person of sound mind, capable of managing his own estate, and removing the defendant from the guardianship of the plaintiff's person and estate.

It is somewhat difficult to determine what particular words the plaintiff intended to have considered as struck out by his dismissal of a portion of the complaint, but, as we construe the language used by him in making the dismissal, we are of opinion, that the complaint, as eliminated, amounts only to a complaint to review the proceedings of the common pleas court, adjudging him to be a person of unsound mind. The question submitted to the jury,

in legal effect, was whether the facts alleged against the validity of those proceedings were true. The jury answered, that the plaintiff " is a person of sound mind, and capable of managing his own estate." That was not responsive to, and did not decide, the issue submitted to the jury. It was a verdict on which no proper judgment could be rendered in the cause. *Bosseker* v. *Cramer*, 18 Ind. 44; *Smith* v. *Jeffries*, 25 Ind. 376.

The complaint, as a foundation of an action to review proceedings, is defective in not setting out a complete record of the proceedings sought to be reviewed. *Hardy* v. *Chipman*, 54 Ind. 591; *Goar* v. *Cravens*, 57 Ind. 365.

The complaint can not be sustained as a proceeding to have the question of the plaintiff's restoration to soundness of mind tried and determined, as a person under guardianship, as an insane person, can not have that enquired into on his own application. That can only be done on the application of some other person. *Gillespie* v. *Thompson*, 7 Ind. 353.

Nor are we aware of the existence of any law or rule of practice which authorizes any one under guardianship, as a person of unsound mind, to appear by next friend, or in any other manner in his own name as the plaintiff in an action.

Idiots and lunatics, when found such by inquisition, sue by the committee or guardian of their estate, and not by next friend.

The plaintiff evidently had not the legal capacity to sue in this action, and the complaint for that reason, if for no other, was bad both before and since its amendment. The whole proceeding seems to us to be unsupported by authority.

The judgment is reversed, at the costs of the said John E. Hanna, who has assumed to act as next friend of the appellee, with instructions to the court below to sustain the demurrer to the complaint.

Petition for a rehearing overruled.