Burton *et al. v.* Harris *et al.*

———————— •◆• ————————

No. 8300.

BURTON ET AL. *v.* HARRIS ET AL.

JUDGMENT.—*Review of.*—*Judgment taken on Default in Excess of Amount due.*—*New Trial.*—*Mistake.*—*Surprise.*—*Statute Construed.*—*Complaint.* —*Practice.*— The principal and sureties in a promissory note, against whom judgment thereon had been taken by default, in a complaint against the judgment plaintiffs, alleged that they had made default, believing that credit would be given for all payments made by the principal on the note before suit, but that such credits were not given, and judgment was taken for a sum greatly in excess of what was due thereon; that, being ignorant thereof, they procured replevin bail thereon; that after the expiration of the stay of execution, though believing the judgment to have been rendered for too large a sum, but having then no means to establish such fact, and for the purpose of saving costs, they paid such judgment under protest; that immediately thereafter they ascertained that the judgment had been rendered for too large an amount, whereupon they demanded a return of the excess from the judgment creditors; prayer for judgment for such excess, or that the default and judgment so rendered be set aside and they be permitted to defend.

*Held*, on demurrer, that the complaint was insufficient for the review of the judgment, no error of law being shown on the face either of the proceedings or of the judgment, no discovery of any new matter alleged, and no record of the original proceedings and judgment having been filed with the complaint.

*Held*, also, that the complaint was insufficient as an application for a new trial, more than two terms of the court having intervened between the time judgment was rendered and the filing of the complaint.

*Held,* also, that there had been no trial in the cause in which the judgment had been rendered, within the meaning of section 601 of the code. 2 R. S. 1876, p. 252.

*Held,* also, that the complaint was insufficient as an application for relief against the judgment under section 99 of the code. 2 R. S. 1876, p. 82.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellants.

*E. K. Millen,* for appellees.

NIBLACK, J.—The complaint in this case was in three paragraphs.

The first paragraph alleged that, on the 11th day of August, 1870, the plaintiffs, James E. Burton, Etilman J. Stark and Andrew J. McNeely executed their promissory note to one William McNeely, for the sum of $500, payable five years and three months after date, with interest to be paid annually; that afterwards McNeely, the payee, endorsed the note to one William M. Simpson, who, by his endorsement thereon, assigned $400 of such note, with interest, to one Henry C. Harris; that afterwards the said Simpson, by a like endorsement, assigned $163 of the same note to one John R. King; that afterwards the said Henry C. Harris died, leaving Henry C. Harris, Jr., his only heir at law, who was a minor, and of whose person and estate Minerva B. Harris had become guardian; that afterwards, on the 14th day of April, 1876, the said Minerva B. Harris, as such guardian, and the said John R. King commenced a joint action in the Monroe Circuit Court, on the note above described against the plaintiffs, upon whom process was duly served; that afterwards, on the 9th day of September, 1876, judgment was rendered on said note against the plaintiff by default, $554.10 being adjudged to be due the said Minerva B. Harris, guardian as above stated, and $119.40 to be due the said King; that the plaintiffs Stark and McNeely were only sureties on said note; that, before suit was brought on the note, the plaintiff Burton, the principal therein, had

made sundry payments on the same, so that only the sum of $250 remained due on such note at the time judgment was rendered thereon; that the plaintiffs having no defence against the note and believing that the said Minerva B. Harris and the said King, the defendants in this action, would see that all proper credits on the note were duly allowed, and that they would not take judgment for more than was actually due on the note, did not appear to the action at the time judgment was rendered thereon; that, at the time the court made an assessment of the damages claimed to be due on the note, one James Harris, to whom certain and most of the payments had been made on the note, as the agent of the said Minerva B. Harris, testified as a witness to the payments made to him, but that by mistake judgment was rendered in favor of the said Minerva B. Harris, as guardian, for $150 more than she was entitled to recover on the note, and in favor of the said King for $100 more than was due him thereon; that after the rendition of said judgment the plaintiffs, being ignorant that the same was for too large a sum, procured replevin bail to be entered for the stay of execution thereon; that, after the time for the stay of execution had expired, execution was ordered upon the judgment, and though believing the same to have been rendered for too large a sum, but having no means at hand to establish that it had been so rendered, and desiring to save the costs and expenses of an execution, the plaintiffs paid such judgment in full under protest; that, immediately after they had paid said judgment, the plaintiffs ascertained by the examination of certain receipts and papers, that said judgment had been rendered for too large a sum; whereupon they unsuccessfully demanded of the said Minerva B. Harris, and the said King, a return of the excess paid in discharge of the same. Wherefore the plaintiffs demanded judgment against the defendants, Minerva B. Harris and John R. King, for the sum of $200.

The second paragraph alleged substantially the same facts as those contained in the first paragraph, concluding with a prayer that the default and judgment in the original action might be set aside, and plaintiffs be permitted to defend the action, and for judgment for the excess paid on the judgment so erroneously rendered.

The third paragraph was a common count for money had and received by the defendants from the clerk of the Monroe Circuit Court, for the use of the plaintiffs. The defendants demurred severally to all the paragraphs of the complaint, and their demurrer was sustained to the first paragraph, but overruled as to the second and third paragraphs.

The defendants then answered in general denial of the second paragraph of the complaint, and a former adjudication to the third paragraph, the adjudication consisting of the proceedings and judgment set forth in the first and second paragraphs of the complaint. The plaintiffs demurred to the answer of former adjudication, but their demurrer was overruled, and they replied in denial. Trial by the court; finding for the defendants; motion for a new trial overruled, and judgment for the defendants.

The plaintiffs, as the appellants, have assigned error upon the sustaining of the demurrer to the first paragraph of their complaint, upon the overruling of their demurrer to the answer of a former adjudication, and upon the refusal of the court to grant them a new trial.

The appellees have assigned cross error upon the overruling of their demurrer to the second paragraph of the complaint. Neither the first nor second paragraph of the complaint can be sustained as a complaint for the review of a judgment. No error of law is apparent on the face either of the proceedings or of the judgment complained of. Nor was the discovery of any new matter alleged. Nor was a complete record of the original proceedings and judgment filed with either one of those paragraphs, as is required in

cases for the review of a judgment. *Meharry* v. *Meharry*, 59 Ind. 257 ; *Whitehall* v. *Crawford*, 67 Ind. 84. Nor was either of those paragraphs sufficient as an application for a new trial. More than two terms of the Monroe Circuit Court had been held between the term at which the judgment was rendered and the time of filing the complaint in this proceeding. The complaint was consequently not filed in time to be considered as an application for a new trial. 2 R. S. 1876, p. 183, sec. 356. Besides, in legal contemplation, there was no trial in the cause in which the judgment was rendered ; and, for that reason, if for no other, neither of the paragraphs made out a proper case for a new trial. *Fisk* v. *Baker*, 47 Ind. 534.

Both the first and second paragraphs of the complaint were also insufficient as applications for relief against the judgment referred to by them respectively, under section 99 of the code, 2 R. S. 1876, p. 82.

We construe the allegations of those paragraphs to mean that the court, upon the assessment of damages upon the note, either misapprehended the evidence, or by some other mistake assessed the damages at too large a sum. Section 99, *supra*, does not provide for relief against such mistakes or errors of the court as are thus charged to have been committed. Applications for relief under that section must be on account of some mistake, inadvertence, surprise or excusable neglect of the party applying for relief under it, and not on the part of the court. *Nelson* v. *Johnson*, 18 Ind. 329. At all events, no sufficient excuse was alleged for the failure of the appellants to appear in the action and to see that all proper credits were allowed upon the note. *Lake* v. *Jones*, 49 Ind. 297. Nor was the mistake charged to have been made a merely clerical mistake, which might be amended upon notice and motion to amend the judgment. *Sherman* v. *Nixon*, 37 Ind. 153. There was, therefore, no error in the decision of the court sustaining the demurrer to the first

paragraph of the complaint; but the court did err in overruling the demurrer to the second paragraph.

No specific objection has been pointed out to the answer of a former adjudication, to the third paragraph of the complaint as to that paragraph, the evidence showed a former adjudication of the transaction upon which a recovery was demanded under it. For this reason the court did not err in refusing to grant a new trial in the cause.

The judgment is affirmed, with costs.