Brumbaugh *et al. v.* Stockman *et al.*

No. 9178.

BRUMBAUGH ET AL. *v.* STOCKMAN ET AL.

| 83 | 583 |
| 146 | 289 |

PRACTICE.—*Relief from Judgment Taken by Default.—Notice of Petition.—Affidavits.—Excusable Neglect.—Negligence.*—An attorney prosecuting a suit out of his county, on a note justly due and owing, employed a resident attorney in open court, while in session and engaged in business, to look after the cause in his absence, and notify him when his presence would be needed, but who forgot his employment, and, by neglect, allowed judgment on the plaintiff's default to go for the defendant for a set-off which was groundless. Upon a petition to be relieved of the judgment affidavits and counter affidavits were filed, and then an additional affidavit in support of the motion, which was stricken out.

*Held,* that the manner and time of employment of the resident attorney, failure afterwards to enquire of him about the cause for a whole year, and his forgetting his employment and so allowing judgment to go in his presence, were each acts of inexcusable negligence.

*Held,* also, that, after counter affidavits were filed, the affidavits in support of the petition could not be aided by additional affidavits.

*Held,* also, that section 99 of the code of 1852 (sec. 396, R. S. 1881) did not authorize relief against the judgment.

*Held,* also, that where relief against a judgment is sought after the term, it should be by written petition, on notice, and that further pleadings are not required; and the hearing is on affidavits, and, in the discretion of the court, depositions and oral testimony.

From the Marshall Circuit Court.

*J. S. Frazer, W. D. Frazer, S. J. North* and *E. W. Higbee,* for appellants.

*J. L. Cook,* for appellees.

BICKNELL, C. C.—This was an action by the appellants against the appellees upon a note given for a threshing machine.

The defendants pleaded payment and set-off.

The plaintiffs were defaulted for a failure to reply, and judgment was rendered for the defendant Stockman for $150 on the 14th of November, 1879.

At the next term of the court, on January 6th, 1880, the plaintiffs filed a written motion to set aside the default, and their affidavit, stating that they employed North and Higbee

as attorneys, who brought suit on the note in November, 1878 ; that in December, 1878, Samson J. North, one of said attorneys, told them that he had engaged A. C. Capron, an attorney of Plymouth, Indiana, to attend to said suit, and that they would be notified when to attend court ; that they relied on said statement, and did not know an answer had been filed, or that a reply was due in said cause at September term, 1879, and never heard of the default taken until December 27th, 1879 ; that on December 29th, 1879, they sent said North to try to have the default set aside. The affidavit set forth a meritorious cause of action, and averred that the defendants' answers were false.

Due notice was given of this motion, and on January 20th, 1880, the defendants appeared thereto. At that time the plaintiffs filed, in support of their motion, the affidavits of said Samson J. North and A. C. Capron.

North's affidavit stated, that in December, 1878, in open court, he employed the firm of Capron and Capron to take charge of the case and do what might be necessary therein, and notify him when his presence would be required and when the cause would be ready for trial, all of which said A. C. Capron, of said firm, agreed to do ; that he relied on said employment, and notified the plaintiffs thereof ; that on December 26th, 1879, he learned that the Caprons had not given the case any attention, and that judgment by default had gone against the plaintiffs on the 14th of November, 1879 ; that he is satisfied he called the attention of the court to his employment of the Caprons, and notified James L. Cook, the defendants' attorney, of such employment ; that he saw said Cook several times afterwards, who told him the cause was not at issue, and would not be ready for trial in less than two years, but never intimated that there was a rule due, or that Capron was not looking after the cause ; that on said December 29th, 1879, said Cook told affiant that the cause had gone off on demurrer to the complaint, or was dismissed for want

of prosecution, he could not tell which, which statements were made for the purpose of misleading affiant, as he believes.

Capron's affidavit stated that he had some recollection of being employed at the December term, 1878, by North, to take charge of said cause, but, in the hurry of business, he had neglected to note the cause on his docket, or enter an appearance therein; that he entirely forgot said employment until North reminded him of it about the last of December, 1879; that if he had not forgotten the employment he would have attended to the case and would have prevented the default.

The foregoing affidavits, with the files and record of the cause, were submitted by the plaintiffs in support of their motion.   The defendants opposed the motion by the affidavits of the defendant Stockman and his attorney, James L. Cook.

Stockman's affidavit stated that he was in court when the default was taken, and heard the court ask whether any attorney appeared for said plaintiffs; that said A. C. Capron enquired who were the parties; and the court repeated their names and asked where the plaintiffs' attorneys lived; and said Cook answered that they lived in Milford, and then said Capron asked the names of the plaintiffs' attorneys, and said Cook stated their names and the nature of the action and defence; and said Capron stated he had nothing to do with it, and knew nothing about it; and said plaintiffs and their attorneys were called in the presence of said Capron, and then the question was raised whether the defendants were entitled to judgment, and said Capron said they were entitled to judgment for want of a reply; and that Capron heard all the evidence in the cause and made no objection.

The affidavit of James L. Cook stated that he, as attorney of the defendants, filed their answer on May 27th, 1879, and on July 10th, 1879, moved for judgment for want of a reply, which the court refused, but made the rule for a reply absolute for the second day of the next September term, and announced within the hearing of said Capron, that, unless a reply were then filed, judgment would then be rendered for

want of ·a reply; that on November 14th, 1879, when judgment was taken by default, the plaintiffs and their said attorneys were both called, and said Capron was there and enquired who were the parties, and the court stated their names, and said Capron said he was not interested in that case, and that defendants ought to have judgment for want of a reply, and said Capron heard all the evidence and made no objection; that affiant did not know said Capron was employed, and if he had ever heard it had forgotten it; that affiant never spoke to said North about said cause of action until December 29th, 1879, and that said North never spoke to him about the cause, after said answer was filed, until December 29th, 1879; but that, before the filing of said answer, he had enquired about the cause,.and that affiant supposed he ·had abandoned the case, because he made no enquiry about it; that affiant never said or did anything either before or after said judgment to mislead said North; that on said 29th of December, 1879, he told said North that judgment had gone against his clients for want of a reply, and that he did not recollect what the judgment was, meaning the amount of the judgment.

The plaintiffs then filed a second affidavit of said North, which, on motion of the defendants, was rejected.

This affidavit reiterated the statements of North's first affidavit, and denied those statements of Cook's affidavit which contradicted North's first affidavit, and it also stated on information and belief, that Cook, for the purpose of misleading the court, had falsely stated, in open court, that the appellants were insolvent.

It was also shown at the hearing of said motion, that when said judgment was rendered the jury had been discharged for the term, and that there were ninety-six civil causes undisposed of, and that this suit was not reached for trial, and that the issue was not made between the defendants on the cross complaint of the defendant Barton against the defendant Stockman.

The motion to set aside the default was overruled, and judgment was rendered against the plaintiffs for costs.

The plaintiffs appealed; they assign as errors:

1st. Refusing to set aside the default and judgment.

2d. Striking out the second affidavit of Samson J. North.

There was no error in striking out said affidavit.

So far as it reaffirmed the statements of the first affidavit, it was surplusage; so far as it charged upon information and belief, Mr. Cook's statements in court that the appellants were insolvent, it was immaterial; if admitted, it would have made the appellants' case no stronger. The court exercised a proper discretion in rejecting it. *Swift* v. *Ratliff*, 74 Ind. 426.

Under section 99 of the code, defaults are set aside either on complaint or motion; a motion is the proper proceeding during the term at which the default was taken; after the term a complaint or petition, verified or supported by affidavit, is the proper proceeding. The motion is a proceeding in the suit, and, unless required by a rule of the court, it needs no notice, because the court has control of its proceedings and jurisdiction of the parties until the end of the term. *Burnside* v. *Ennis*, 43 Ind. 411.

After the term the complaint is a new proceeding, and requires notice. *Lake* v. *Jones*, 49 Ind. 297.

In the case at bar, the proceeding was commenced at a subsequent term; it was called a written motion, but was really a petition, supported by an affidavit; the appellees appeared in pursuance of due notice, and the matter was determined summarily.

There was no irregularity in this; whether the proceeding be by complaint or motion, it must be determined in a summary manner; no pleadings are contemplated beyond the complaint or motion. *Buck* v. *Havens*, 40 Ind. 221; *Lake* v. *Jones*, 49 Ind. 497; *Nord* v. *Marty*, 56 Ind. 531.

Upon a complaint, the evidence may consist of affidavits, depositions or oral testimony, but a motion is still properly

heard on affidavits only, although in the discretion of the court oral testimony may be heard also; counter affidavits being admissible on the point on which relief is sought, but not as to the cause of action. *Ratliff* v. *Baldwin,* 29 Ind. 16; *Lake* v. *Jones, supra,* p. 301.

The evidence fails to show excusable neglect. It was inexcusable negligence in the attorney, when about leaving the court, to make no better provision for his case than was here made, and it was inexcusable negligence, after making such slight provision, to put no enquiry to the second attorney about the case for nearly a year.

After the second attorney had been spoken to in the manner shown in evidence, and had promised to look after the case and notify the first attorney when his presence would be needed, it was inexcusable negligence to so completely forget the case as to sit in court and see the judgment rendered by default without objection, under the circumstances shown in evidence. Negligence of the attorney is the negligence of the client.

In *Carlisle* v. *Wilkinson,* 12 Ind. 91, it was held insufficient to show the employment of an attorney, and his neglect to appear and defend.

In *Spaulding* v. *Thompson,* 12 Ind. 477, it was held that the neglect of an attorney employed by a party is the neglect of the party himself; and to the same effect are the decisions in *Hazelrigg* v. *Wainwright,* 17 Ind. 215; *Phelps* v. *Osgood,* 34 Ind. 150; *Blake* v. *Stewart,* 29 Ind. 318. Mere forgetfulness is not excusable neglect. *Langdon* v. *Bullock,* 8 Ind. 341. Nor is mistaking the court in which the case was pending. *Robertson* v. *Bergen,* 10 Ind. 402. Nor that the attorney of the party had misapprehended the nature of the defence. *Frost* v. *Dodge,* 15 Ind. 139.

There was, therefore, no error in refusing to set aside the default and judgment. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing

opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.

## On Petition for a Rehearing.

Bicknell, C. C.—In general, an affidavit to set aside a default can not be aided by a second affidavit, filed after the first one has been met by a counter affidavit.

Besides, in the present case, the new matter of the second affidavit is immaterial; if every word of it were in the first affidavit, the result would be the same.

The second affidavit was rightly rejected.

The petition for rehearing refers to several cases not cited before, but all of them exhibit excusable neglect; in the case at bar the neglect was without excuse, as the court below found.

The petition for a rehearing should be overruled.

Per Curiam.—The petition for a rehearing is overruled.