## Lyon, Administrator, *v.* Roy.

PRACTICE.— *Supreme Court.*— *Pleading.*— *Waiver.*—*Agreement of Record.*—
*Suit against Administrator after Final Settlement.*—Where, after the admin-
istrator with the will annexed of the estate of a testator has made final
settlement and been discharged from his trust, the widow brings suit

Lyon, Administrator, *v.* Roy.

against him to set aside such settlement and obtain an order on him to pay her the five hundred dollars allowed her by law, and alleging that, though sufficient assets came into his hands to pay her the same, and although he had reported its full payment to her in such final settlement, the same had never been paid to her, and no demurrer or other objection is interposed to the complaint, and on the trial of the same all the material facts alleged in such complaint, except the fact that anything is due to the plaintiff, are admitted by the defendant in open court, and it is in like manner agreed that if upon trial anything is found due to the plaintiff, as alleged, from such estate, that judgment may be entered therefor against the defendant, personally, and on the trial a finding and judgment are rendered by the court for the plaintiff, on appeal to the supreme court by the defendant, alleging as error the insufficiency of such complaint, all defects in such complaint will be deemed cured by such agreement, finding and judgment.

From the Lawrence Circuit Court.

*F. Wilson* and *M. F. Dunn,* for appellant.

*G. Putnam, G. W. Friedley* and *H. C. Duncan,* for appellee.

Howk, J.—Appellee, as plaintiff, sued appellant, as defendant, in the court below.

In her complaint appellee alleged, in substance, that on February 25th, 1871, appellant was duly appointed by the court of common pleas of Lawrence county, Indiana, administrator with the will annexed of Leonard Roy, deceased, and entered upon the discharge of the duties of his said trust; that appellee was the widow of said Leonard Roy, deceased, and as such widow she was entitled under the law to take, of the property inventoried as belonging to said estate or of the money belonging thereto, the sum of five hundred dollars, in addition to the one-third of said estate she was entitled to as such widow; that on March 21st, 1871, an inventory and appraisement of the personal estate of said decedent was duly made, a copy of which inventory and appraisement was filed with and made part of said complaint; that said personal estate was of the value of one thousand and forty-one dollars and sixty-five cents, and appellee selected and offered to take of said personal property embraced in said inventory

articles to the value of five hundred dollars; that the articles so selected by appellee were enumerated and described and their appraised value given in the said copy of said inventory made part of said complaint; and appellee averred that appellant, intending and contriving to wrong and defraud appellee, wholly failed and refused, although often requested so to do, to deliver to her any of said articles so selected by her, or to pay her the value thereof, or to allow her the said sum of five hundred dollars or any part thereof; that the appellant, fraudulently contriving and intending to wrong, cheat and defraud appellee, on the —— day of April, 1871, prepared or caused to be prepared a receipt (a copy of which was filed with said complaint,) for the sum of five hundred dollars, which he took to appellee and asked her to sign, falsely and fraudulently representing that it was a written instrument giving her consent for the sale of said decedent's personal property not selected to be taken by her as widow, and that, under the law, such consent had to be given by her in writing before said property could be sold; that appellee, being then unable to read or write, and relying wholly upon appellant's statements and representations, (he being then her son-in-law,) and being wholly ignorant of the nature and contents of said written instrument, signed the same and delivered it to appellant; that she had never received any part of said five hundred dollars, but that the same had been fraudulently retained by appellant and converted to his use and benefit. And appellee averred that appellant, on January 9th, 1873, filed in said court of common pleas of Lawrence county, his final settlement report as such administrator, (a copy of which report was filed with and made part of said complaint,) which report falsely recited that appellant, as administrator, had paid appellee the said five hundred dollars to which she was entitled as stated in her complaint; that appellant at the time well knew that said report so filed by him in said court of common pleas, in

claiming a payment of five hundred dollars to appellee, was wholly false; that the same was so written and filed in said court by appellant for the fraudulent purpose of cheating and defrauding appellee; that said report, so filed by appellant, was approved by said court, and appellant was discharged from his said trust, as would appear from the order of said court, a copy of which was filed with said complaint. And appellee averred that she was still entitled to the said five hundred dollars, from the personal estate of said decedent; and appellee asked that the final settlement of said decedent's estate be set aside, that appellant be ordered to pay over to appellee the said five hundred dollars, and for all other proper relief.

Appellant answered appellee's complaint by a general denial of every allegation therein. And the action being at issue was tried by a jury in the court below, and a verdict returned for appellee, assessing her damages at four hundred and five dollars. There was a motion by appellant, upon written causes, for a new trial, which motion was overruled by the court below, and to this decision appellant excepted, and judgment was rendered by the court below upon the verdict.

In this court, appellant has assigned the following alleged errors:

1.  Appellee's complaint in this action did not state facts sufficient to constitute a cause of action;

2.  That no judgment of any kind could be rendered, upon the facts set forth in the complaint, in appellee's favor; and,

3.  Overruling appellant's motion for a new trial.

In considering the first alleged error, it will be observed that appellant's objection, to the sufficiency of the facts stated in appellee's complaint to constitute a cause of action, makes its first appearance in this court. Where this is the case, the objections to the sufficiency of the complaint will be scrutinized more closely in this court, than they would be if a demurrer for the want of sufficient

facts had been interposed to the complaint in the court below. It is urged by appellant, in his argument in this court, that appellee's complaint was defective in these particulars:

1. Because a copy of the will was not filed with the complaint;

2. Because it was not alleged in the complaint that appellee had elected to claim her rights in the estate of said Leonard Roy, deceased, as his widow, under the law, instead of under the last will and testament of said decedent; and,

3. Because, even if the facts stated in the complaint were true, the appellee would not be entitled to the specific relief asked for in her complaint.

To all which objections to the sufficiency of the complaint, it might well be answered in this court, that if there was anything in either of them they had all been obviated or cured by the agreement of the parties, the verdict of the jury and the action of the court below. This action was tried by the jury in the court below, not alone upon appellee's complaint and the issues joined thereon, but also upon an agreement between the parties, made in open court, and set out in the bill of exceptions. This agreement was in substance, as follows; that if anything was due the appellee, from the estate of Leonard Roy, deceased, by reason of not having received the five hundred dollars allowed her as widow of said decedent, then, in that case, the jury should find for the plaintiff against the defendant, and assess her damages at whatever sum they should find that she had not received of said five hundred dollars; and that upon such verdict, a personal judgment might be rendered in plaintiff's favor against defendant; and upon the other hand, if the jury should find that nothing was due plaintiff on account of said five hundred dollars, then said jury should return a verdict for the defendant, and against the plaintiff; which agreement was entered into in open court. It was fur-

Lyon, Administrator, *v.* Roy.

ther agreed between the parties, that appellant was appointed and qualified as administrator of the estate of Leonard Roy, deceased, with the will annexed, and that the appellee was the widow of said decedent, and that she had legally elected to take under the law, and not under the will of her deceased husband; that the copy of the inventory filed with appellee's complaint was a true copy of the inventory taken and filed of said estate; that the copy of the final settlement report was a true copy of the final report of appellant, as such administrator; that the copy of appellee's receipt for five hundred dollars, set forth by appellee and endorsed upon the copy of the inventory filed with said complaint, was a true copy of said receipt; and that, upon the filing and approving of said final report by said common pleas court, appellant was, by said court, discharged as such administrator.

Such was the agreement between the parties, under which this action was submitted to the jury for trial in the court below. This agreement effectually disposes of and removes all the objections urged by appellant to appellee's complaint, if there were any objections which were not cured by the verdict. And not only so, but the agreement recited is also a sufficient answer to the second alleged error,—that no judgment of any kind could be rendered, upon the facts set forth in the complaint, in appellee's favor. For, by the terms of said agreement, it was expressly agreed that if the jury should find for the appellee, and assess her damages at whatever sum they should find that she had not received of the five hundred dollars allowed her by law as the widow of her deceased husband, then, upon such verdict, a personal judgment might be rendered in appellee's favor against the appellant.

The only matter remaining for our consideration in this cause is presented by the third alleged error,—the

overruling by the court below of appellant's motion for a new trial. The causes assigned for such new trial were that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law. We have carefully read all the evidence in the record of this cause, and we are fully satisfied that the verdict was amply sustained by sufficient evidence, and that it was in strict conformity with law.

We find no error in the record, and no merit in the appeal.

The judgment of the court below is affirmed, with ten per centum damages, at the costs of the appellant.