Boyd *et al. v.* Anderson.

Filed June 12, 1885.

———◆———

No. 8423.

## BOYD ET AL. *v.* ANDERSON.

DEED.—*Reformation of.—Judgment Creditors.—Equity.*—Judgment creditors are in no sense purchasers; their judgments are simply general liens upon whatever interest the judgment defendants may have in the land, and their rights do not stand in the way of the reformation of prior deeds and mortgages, nor of the enforcement of equities as between the grantor and grantee.

SAME.—*Mistake of Law and Fact.—Personal Defence.— Waiver.*—In a suit by a *bona fide* grantee against his grantor for the reformation of a deed, on the ground of mistake, the defence that the mistake is one of law and not of fact is personal to the grantor, and may be waived by him. Such defence can not be made by his judgment creditors.

PRACTICE.—*Joint Assignment of Error.*—A joint motion for a new trial, or a joint assignment of error, must be good as to all or it is not good as to any.

SAME.—*Attacking Complaint After Verdict.*—As to the·rule to be applied when a complaint is assailed for the first time after verdict, see *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380, and *Stockwell* v. *State, ex rel.*, 101 Ind. 1, and cases there cited.

From the Hancock Circuit Court.

*J. H. Mellett* and *M. Marsh*, for appellants.

*C. G. Offutt*, for appellee.

ZOLLARS, J.—In January, 1877, one Charles T. Pauley was the owner, and in the possession of two tracts of land which he sold to appellee. After the sale and execution of the deed to her, one Bills recovered a judgment against Pauley, which, for value, he assigned to appellant Simmons. About the same time, Simmons and the other appellants, except the sheriff, recovered another judgment against Pauley. Executions were issued upon these judgments and placed in the hands of the sheriff, who levied them upon the lands, and, when this action was commenced, was threatening to sell. The facts are stated in the complaint, with the additional averment that the judgment purchased by Simmons had been paid. In the complaint, also, there is what is alleged to be a correct description of the lands by metes and bounds. The averments in relation to these lands, thus described in the complaint, and the description in the deed, are as follows: "And plaintiff avers that, on the said 30th day of January, 1877, she and the said Charles T. Pauley made and entered into a contract and agreement, whereby the said Pauley sold, covenanted and agreed to convey to the plaintiff the several tracts of real estate hereinbefore described; that then and there and thereupon the said Pauley made, executed, and delivered to the plaintiff his certain deed of conveyance, with good and sufficient covenants of general warranty, therein and thereby purposing and intending to convey to the plaintiff the real estate aforesaid, pursuant to the terms and con-

ditions of their said contract in that behalf, so made as aforesaid. * * * And the plaintiff avers, that at the time of the execution and delivery of said deed of conveyance by the said Pauley to the plaintiff as aforesaid, it was then and there the understanding, intention and purpose of this plaintiff and of the said Pauley to include and describe therein each and both the said tracts or parcels of real estate as hereinbefore described, but that by the mutual oversight, inadvertence, and mistake of the plaintiff and the said Pauley, as also by the scrivener employed by them to draft the said deed of conveyance, the said real estate was therein mistakingly and erroneously described in this, to wit: That by the mutual oversight, inadvertence and mistake of the plaintiff and said Pauley, as also by the scrivener employed by them to draft the said deed of conveyance aforesaid, the said fifty-five-acre tract of real estate, being the tract or parcel thereof hereinbefore first described, was mistakingly and erroneously described in the said deed of conveyance as follows, to wit: The southwest part of the east half of the southwest quarter of section number eight, township seventeen north, range seven east. The words, 'southwest part,' being mistakingly and erroneously inserted and used in the said deed of conveyance instead of the words 'the west division,' which were omitted from the same, as were also the words and figures more particularly describing and bounding said real estate as hereinbefore contained, which said words, 'the west division,' and the words and figures more particularly describing and bounding said real estate as aforesaid, were and are a necessary and material part of the descriptive words thereof." Averments similar in character are made as to the other tract of land, it being described in the deed as " the middle division of the west half of the southwest quarter of section nine, township and range aforesaid, containing twenty-one acres more or less."

Appellee brought this action against Pauley, the execution plaintiffs, and the sheriff, to have the deed reformed by a cor-

rection of the alleged mistake, to enjoin the threatened sale under the executions, and to have her title quieted. Pauley was defaulted, and has not appealed. The execution plaintiffs and the sheriff, who are appellants, assail the complaint for the first time by an assignment of error here, that it does not state sufficient facts to constitute a cause of action. Whatever might be thought of it, had the question been raised by a demurrer below, we think it very clear that it is good as against this assault after verdict. As to the rule to be applied when a complaint is assailed for the first time after verdict, see *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380, *Stockwell* v. *State, ex rel.,* 101 Ind. 1, and cases there cited; also R. S. 1881, sections 398, 658. It should be borne in mind, also, that Pauley, the grantor, has made no question as to the sufficiency of the complaint.

Appellants filed two answers; one a general denial, and the other that the conveyance to appellee was made and accepted with the fraudulent intent to cheat and defraud appellants, who were creditors of Pauley. In finding for appellee the jury found that the conveyance to her was *bona fide.* The court below refused to disturb that finding, and as the evidence clearly tends to sustain it, we can not overthrow it, and must regard it as an established fact.

Appellants contend further that the evidence is not such as to justify the verdict and judgment for a reformation of the deed as against them. Preliminary to a decision upon this question, it must first be determined what relation they sustain to the case. It is the settled law in this State, that judgment creditors are in no sense purchasers; that their judgments are simply general liens upon whatever interest the judgment defendants may have in the land, and that, hence, their rights do not stand in the way of the reformation of prior deeds and mortgages, nor in the way of the enforcement of equities as between the grantor and grantee. *White* v. *Wilson,* 6 Blackf. 448 ; *Sample* v. *Rowe,* 24 Ind. 208; *Flanders* v. *O'Brien,* 46 Ind. 284 ; *Busenbarke* v. *Ramey,* 53 Ind. 499 ;

*Glidewell* v. *Spaugh*, 26` Ind. 319; *Wainwright* v. *Flanders*, 64 Ind. 306; *Monticello Hydraulic Co.* v. *Loughry*, 72 Ind. 562; *Sparks* v. *State Bank*, 7 Blackf. 469; *Orth* v. *Jennings*, 8 Blackf. 420.

It is settled, also, by the holdings in some of these cases, that a deed or mortgage will not be reformed as against a *bona fide* assignee of judgments.

In the case before us Simmons appears to be such assignee of the Bills judgment, but he has not so saved the question in the record as to put himself in a better position than the other appellants. The motion for a new trial and the assignment of errors are joint, he joining with the other appellants. Hence, if the motion should not be granted as to all, or if the assignment is not well made as to all, there was no error in overruling the motion, and the assignment can not be sustained. *Carver* v. *Carver*, 77 Ind. 498; *Feeney* v. *Mazelin*, 87 Ind. 226; *Robertson* v. *Garshwiler*, 81 Ind. 463.

As we have seen, Pauley made default; upon this default appellee was entitled to a judgment and decree against him for a reformation of the deed, and such decree was rendered. This decree settled the question that, unless there was fraud, Pauley had no interest in the land upon which appellant's judgments could rest as liens, and as thoroughly settled it as if there had been a trial of the question as between appellee and Pauley, or as if Pauley had come personally into court, admitted the mistake, and consented to the reformation.

There is no doubt that appellee purchased the land in controversy, and as the jury found, and we must now assume, purchased then for value and *bona fide*. Under her contract and deed, she was in possession of the land. Common honesty required that Pauley should not, upon technical and captious grounds, object to a reformation of the deed, so that appellee might have the lands which she had in good faith purchased from him. He has not made such objections, but by his default admitted the mistake in the description, and impliedly consented that it might be corrected. As to appel-

lee, he thus consented that that might be done which com-
mon honesty and fair dealing required should be done. Who
shall say that these parties shall not be allowed to do right
simply because the mistake may have been one of law and
not of fact? Whether the mistake was one of law or fact
does not affect the moral obligation on the part of the grantor
to do the honest and right thing. Morally, he may no more
take something for nothing, because the mistake may have
been one of law, than if it be one of fact. Surely, a court
of equity, whose province it is to discover and enforce the
right, will not intervene to prevent parties doing the right
and equitable thing, unless superior equities in favor of other
parties have intervened. Judgment creditors have no such
superior equities. Their judgments are liens, subject to the
superior equities of the prior grantee. It being established
by the decree of the court, based upon the declaration of ap-
pellee, and the admissions and right conduct of Pauley, that
the appellee, and not Pauley, owned the lands, appellants'
judgments are not liens upon them. If the mistake in the
description was, in truth, one of law, and not of fact, Pau-
ley might have made that defence. But that defence, we
think, was personal to him; one that he might and has
waived, and that, having waived it, the judgment creditors
are not in a condition to complain, nor make the defence for
him. Neither can they make it in their own behalf. Such
a defence is analogous to the defence of the statute of frauds,
which is personal to the immediate parties, may be waived
by them, and can not be made by third parties, though they
be creditors of the vendor. *Morrison* v. *Collier*, 79 Ind. 417;
*Dixon* v. *Duke*, 85 Ind. 434, and cases therein cited; *Cool* v.
*Peters Box, etc., Co.*, 87 Ind. 531.

To allow these judgment creditors to resist the reformation
of the deed upon the ground that the mistake in the descrip-
tion may have been one of law, and not of fact, would be to
allow them to consummate and perpetuate a wrong upon ap-
pellee, to which Pauley, the grantor, declines to be a party.

Fatout *v.* The Board of School Comm'rs of the City of Indianapolis *et al.*

It would be to hold that parties to a conveyance of land may not act honestly when they wish. It would be lending the aid of a court of equity to enforce a wrong over the wish of the immediate parties to do right. Appellee having purchased the lands in good faith, and the grantor being willing that she shall have an honest and sufficient deed therefor, appellants, as simple judgment creditors of the grantor, may not stand in the way upon the single claim that the mistake in the description was one of law.

Having reached this conclusion, it is not necessary for us to decide whether the mistake was one of law or one of fact. This conclusion also makes it unnecessary to consider other questions discussed by counsel.

The judgment is affirmed with costs.

Filed June 20, 1885.