Ryon, Receiver, *v.* Thomas *et al.*

No. 12,048.

RYON, RECEIVER, *v.* THOMAS ET AL.

|104   59|
|146   228|

JUDGMENT.—*Clerical Mistake.—Amendment.*—Courts having jurisdiction to render a judgment have inherent power to amend clerical mistakes in a direct proceeding for that purpose, where the rights of third persons have not intervened.

SAME.—*Equity.—Interlocutory Order.—Proceeding for Amendment.*—An interlocutory order entered in a matter of purely equitable jurisdiction is within the control of the court making it until the proceeding in which it is made is finally disposed of, and it may be amended, modified or set aside, as the right of the case requires, either upon direct and summary proceedings for that purpose, or by the court upon its own motion.

SAME.—*Practice.*—In such cases the court should hear the application for relief upon its merits, in a summary way, with leave to any party interested to reserve an exception upon any ruling, as in other interlocutory proceedings.

RECEIVER.—*Interlocutory Order.—Mistake.—Amendment.*—Where a receiver, previous to a final settlement, is by a mistake ordered to pay out more money than had or would come into his hands as such receiver, he is entitled to have the order modified.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellant.

*E. Marsh, W. W. Cook* and *M. B. Gooding,* for appellees.

NIBLACK, C. J.—While the firm of Cook & Allen was engaged in the prosecution of its partnership business, Allen borrowed of Thomas, one of the appellees, about $300 for his individual use, and executed to him a chattel mortgage upon all the property of the firm to secure the payment of the money thus borrowed. Ryon, the appellant, was afterwards, by the Hancock Circuit Court, appointed receiver of this firm of Cook & Allen, and entered upon the duties imposed by his appointment. By his second report of the condition of the assets of the firm, known as report No. 2, it was shown that he had in his hands a balance of $122.03 in cash, and of $125.48 in uncollected notes.

Thomas had in the meantime filed his claim for money borrowed by Allen, against Ryon, as such receiver, asking

its allowance as a demand against the firm. Ryon resisted the payment of this claim out of the assets of the firm, but after report No. 2 was made, as above stated, and before a trial upon the claim was reached, the parties came to an agreement concerning it, and a record entry intended to carry such agreement into effect was made by the circuit court, substantially as follows: " John S. Thomas v. John W. Ryon, receiver: Comes now John S. Thomas, plaintiff, by D. S. & M. B. Gooding, his attorneys, and comes also John W. Ryon, receiver herein, by New & Jones, his attorneys, and this cause is compromised as per written agreement on file. The court thereupon finds that heretofore, on the 25th day of November, 1881, Ambrose D. Allen, of the firm of Cook & Allen, executed his certain chattel mortgage upon all the property of said firm to John S. Thomas to secure the payment of $300 indebtedness due to him from said Allen. The court further finds that thereafter John W. Ryon was appointed receiver of the assets of the firm of Cook & Allen, as averred in the plaintiff's complaint; that, as such receiver, he took charge of all the partnership property of said firm; that said receiver now has in his hands, after payment of the indebtedness of said partnership of Cook & Allen, the sum of $247.51. The court (also) finds that by reason of the chattel mortgage, the said Thomas has a lien upon the said one-half of said sum of $247.51, subject to the expenses of settling said receivership. It is, therefore, considered and adjudged that said Ryon, receiver, pay out of the funds now in his hands the sum of $100 to Charles W. Cook, one of the members of said firm of Cook & Allen, and that as to $100 of said funds now in his, Ryon's, hands, the aforesaid lien of said Thomas be foreclosed, and that said sum of $100 be paid to said Thomas, and that hereafter, as said Ryon may proceed in his settlement of matters of said partnership as receiver as aforesaid, and after the payment of all the expenses of said receivership and the indebtedness of said firm, one-half of the balance remaining in his hands shall be paid

Ryon, Receiver, v. Thomas et al.

over to the said Charles W. Cook, and the other half to the said John S. Thomas on his mortgage lien, which is hereby declared to be foreclosed. It is further considered and adjudged that the defendant in this action recover of plaintiff all the costs of said action, * * * all of which is adjudged and decreed by the court."

This record entry was made in October, 1883, and on the 10th day of September, 1884, Ryon filed his complaint in the court below, in the nature of a petition in equity, charging that at the time the foregoing order and decree was entered he had in his hands only the sum of $122.03 in cash, as shown by Report No. 2, and that in that report he had by mistake overcharged himself as with cash in hand in the sum of $2.81; that out of the notes referred to in said report he had only collected the additional sum of $34.86, the remainder of said notes being worthless; that, consequently, the finding of the circuit court that he had on hand, at the time the record entry set out as above was made, the sum of $247.51, was an erroneous finding; that such erroneous finding resulted from a mutual mistake and inadvertence of the parties to the proceeding; that after paying the indebtedness against the firm, and the expenses of the receivership, there would not remain in his hands a sum sufficient to pay Cook and Thomas $100 each. He therefore prayed that the order and decree, entered as above, should be reviewed, reformed and modified, so as not to require him to pay out a sum of money greater than he might have in his hands as receiver of the firm herein above named, when final settlement should be made.

The complaint was verified by affidavit, and contained two paragraphs.

An appearance on behalf of both Thomas and Cook was entered to the complaint. Thomas demurred separately to the complaint, and, his demurrer being sustained, final judgment was rendered in favor of both Thomas and Cook upon demurrer.

All mistakes in a final judgment of a merely clerical char-

acter may be amended in a direct proceeding for that purpose, where the rights of some third party have not intervened in such manner as to render an amendment inequitable. *Jenkins* v. *Long*, 23 Ind. 460; *Makepeace* v. *Lukens*, 27 Ind. 435; *Goodwine* v. *Hedrick*, 29 Ind. 383; *Hebel* v. *Scott*, 36 Ind. 226; *Bales* v. *Brown*, 57 Ind. 282; *Miller* v. *Royce*, 60 Ind. 189; *Bristor* v. *Galvin*, 62 Ind. 352; *Newhouse* v. *Martin*, 68 Ind. 224; *Urbanski* v. *Manns*, 87 Ind. 585; *Gray* v. *Robinson*, 90 Ind. 527; *Runnels* v. *Kaylor*, 95 Ind. 503; *Daniels* v. *McGinnis*, 97 Ind. 549; Freeman Judg., section 72.

The power to authorize such amendments to be made is originally traceable to certain English statutes recognized as in force in this State (see *Makepeace* v. *Lukens, supra*), but it is now generally accepted and treated as a power inherent in every court having jurisdiction to render a judgment.

There is another and distinct class of cases in which, by section 396, R. S. 1881, the courts are required to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years. *Buck* v. *Havens*, 40 Ind. 221; *Lake* v. *Jones*, 49 Ind. 297; *Ellis* v. *Keller*, 82 Ind. 524; *Sidener* v. *Coons*, 83 Ind. 183; *Chissom* v. *Barbour*, 100 Ind. 1.

The distinction between these two classes of cases has not always been closely observed, and, in consequence, the value of some of the decided cases as precedents is to a partial extent at least impaired.

In our opinion, however, the proceedings and record entry before us do not fall within either one of the classes above mentioned. While the record entry in question contains a finding of certain facts and has some of the characteristics of a final decree in chancery, it is, nevertheless, essentially nothing more than an interlocutory order entered in a matter *in fieri*, of purely equitable jurisdiction. Such interlocutory orders, when within the jurisdiction of the court, are, as to

all matters properly embraced within them, of binding authority so long as they remain in force, but they are within the control of the court making them until the proceeding or cause in which they are made is finally disposed of.

Such orders, when ascertained to be erroneous or an impediment to further rightful proceedings, may and ought to be amended, modified or set aside, as the right of the case requires, either upon direct and summary proceedings instituted for that purpose, or by the court upon its own motion.

Proceedings in the settlement of receiverships have a general analogy to those involved in the settlement of estates, either in the hands of an executor or administrator, or of a trustee under a voluntary assignment, and hence some questions discussed in the case of *Parsons* v. *Milford*, 67 Ind. 489, have a bearing upon, as well as a practical application to, the general principles herein announced. In summary proceedings of the general character of the case now under consideration, formal issues upon pleadings, whether of law or of fact, are not contemplated, but such issues may doubtless continue to be tolerated in certain cases, as they have been heretofore in some instances, when formed by consent of parties, either express or implied, and with the approbation of the court, if thereby no injury is inflicted upon the merits of the question intended to be presented. *Board, etc.,* v. *Ritter,* 90 Ind. 362; *Board, etc.,* v. *Emmerson,* 95 Ind. 579.

No decision, however, of any question upon the sufficiency of a pleading filed in such a summary proceeding ought to be accepted as a final disposition of the application for relief, unless by the decision the application is, in effect, fairly disposed of upon its merits. In other words, the correct practice in a case like this is for the court to hear the application for relief upon its merits, in a summary way, with leave to any party interested to reserve an exception upon any ruling which he may regard as injurious to his interests, as in other cases of merely interlocutory proceedings.

By the facts averred in the complaint in this case, it was

shown that Ryon was ordered to pay out more money than had or would come into his hands as the receiver of the firm of Cook & Allen. It is fair to assume that it was not the intention either of the parties, or of the court, that such an order should be entered. By the same facts, it was further shown that the order in question was prematurely entered, since it assumed to definitely dispose of the money in Ryon's hands in advance of a final settlement of the receivership. Ryon ought not to be held by any order, and certainly not when entered by some mistake or inadvertence, to pay out to either Thomas or Cook more money than may remain in his hands upon such final settlement. Therefore, upon the facts charged by Ryon, he was at least entitled to have important modifications made in the interlocutory order complained of. As to petitions in chancery, see 2 Barbour Chan. Prac. 578; 1 VanSantvoord Eq. Prac. 422; 1 Smith Chan. Prac. 70.

The judgment in favor of the appellees upon demurrer is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

Filed Nov. 24, 1885.