The Indiana, Bloomington and Western Railway Company v. Bird.

No. 13,344.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY
COMPANY v. BIRD.

JUDGMENT.—*By Agreement.—Broader Than Pleadings Authorize.*—A judgment by agreement will bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment.

SAME.—*Setting Aside.—Negligence of Judgment Defendant.—Innocent Assignees.*—A judgment by agreement will not be set aside where the judgment defendant has been guilty of laches and the rights of innocent third persons have intervened, although it is alleged that through the fraudulent representations of the judgment plaintiff the clerk entered the judgment for broader relief than was agreed upon by the parties.

SAME.—*Reading in Open Court.—Presumption.*—It will be presumed, in the absence of a showing to the contrary, that a judgment was read in open court as the law requires, before being signed by the judge, and that it is such a judgment as the judge intended should be entered.

SAME.—*Mistake.—Negligence of Parties.—Innocent Persons.*—As against innocent third persons, a party will be charged with negligence who fails to be in court when a judgment in which he is interested is read, or who, being in court, fails to call the attention of the court to mistakes in the entry of the judgment.

SAME.—*Notice.—Order-Book Entry.*—A purchaser of land and a judgment affecting it is not required to look beyond the order-book where the judgment is entered and attested by the signature of the judge, and if nothing is disclosed to put him upon inquiry, he is an innocent purchaser.

From the Randolph Circuit Court.

*C. W. Fairbanks, O. Gresham, E. L. Watson* and *J. S. Engle,* for appellant.

*W. A. Thompson, O. A. Marsh* and *J. W. Thompson,* for appellee.

ZOLLARS, J.—Our code provides that a party may be relieved from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect; and also, that for any error of law appearing in the proceedings and

judgment, or for material new matter discovered since its rendition, a party may have a review of a judgment taken against him. R. S. 1881, sections 396, 616.

This proceeding, instituted by appellant, can not be regarded as an application or proceeding under either of the above sections of the code. It does not purport to be, but invokes an exercise of the inherent powers of the court for the correction and amendment of a judgment.

The court below struck out appellant's motion, or complaint as it is styled in the record, and that ruling is assigned as error.

The following summary of that motion or complaint will suffice for the purposes of this decision, viz.: On the 9th day of March, 1883, there was pending in the Randolph Circuit Court an action by Lindley Beard against the railway company, appellant in this action. It was charged in Beard's complaint that he was and had been the owner of certain described lands over which the railway company had constructed its road; that, in that construction, it crossed a natural watercourse, and so obstructed, interfered with and cut off the flow of the water as to injure the land. On the day above stated, the suit was compromised, and it was agreed that judgment should be rendered against the railway company and in favor of Beard for twenty-five dollars. It was further agreed that so soon thereafter as practicable the railway company would construct a sufficient way under the grade of its road to allow the passage of the water of the watercourse, but there was no agreement as to the size or dimensions of the way thus to be opened, nor was it a part of the agreement that the same should be entered of record as a part of the judgment or otherwise. Upon the compromise being made, the court entered upon the court docket, "Withdrawn from the jury by agreement; judgment by agreement for twenty-five dollars," which was the only judgment agreed upon, and to be entered in the cause. Beard's attorneys, acting for him, and with the fraudulent intent on

his and their part to cheat and defraud the railway company, represented to the clerk of the court that an agreement had been made as to the construction of the water-way under the road-bed, and that such agreement was to be entered as a part of the judgment. By means of such fraudulent representations, the clerk was induced to enter and write up as a part of the judgment, in addition to the money judgment, the following: "And the defendant shall make, at the point where the defendant's road crosses the watercourse described in the complaint on the plaintiff's land, a culvert five feet wide and eight feet deep, and excavate the dirt from the bottom of the watercourse to the top of the grade, within thirty days from this date."

Acting upon the representations of Beard's attorneys, the clerk made the entry by mistake as to the real facts. The railway company had no knowledge that the judgment was thus entered until in 1885, when called upon by the appellee herein, Gideon Bird, to construct the culvert. Prior to that time, and in 1884, Lindley Beard, the owner of the land, and judgment plaintiff, had sold and assigned the judgment to Bird, and also sold and by deed conveyed the land to him.

It is also charged in the motion or complaint, that in Beard's complaint against the railway company there was no averment, prayer or demand entitling him to any relief except a money judgment, and that there was no pleading of any kind asking for the opening of a water-way through or under the road-bed of the railway company. There is the further averment that the judgment, as entered by the clerk, was contrary to the memorandum made by the court upon its docket.

The relief asked was that the judgment rendered in Beard's favor against the railway company might be amended, by striking out and expunging all that portion relating to the culvert or water-way; in other words, by striking out and expunging all except the money judgment.

The averments as to the judgment being contrary to the

memorandum made by the judge, and as to there having been no pleadings entitling Beard to the judgment entered by the clerk, are conclusions, and not the statements of facts, and hence should be disregarded.

As to whether or not the judgment entered by the clerk was contrary to the memorandum made by the judge, is a question of law, to be determined by an inspection of that memorandum and the judgment entered. And as to whether or not the pleadings entitled Beard to the judgment entered by the clerk is also a question of law, to be determined by an examination of that judgment and the pleadings in the cause. The pleadings are not set out, nor is there any averment as to what they contained by way of statements of facts, or in the way of prayer for relief. In the absence of the pleadings, or averments as to their contents, it ought to be assumed that they were broad enough to authorize the relief given by the judgment, notwithstanding the allegation here of the conclusion that they were not.

It may be observed, also, that there are no averments here as to what, if any, entries there may have been made by the clerk in the issue docket, and from which he may have, in part at least, constructed the entry of the judgment. See *Chissom* v. *Barbour*, 100 Ind. 1.

If, however, it should be conceded that the judgment as entered was broader than the pleadings, that, of itself, would not be sufficient reason for expunging a portion of the judgment. A judgment by agreement will bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment. *Fletcher* v. *Holmes*, 25 Ind. 458 (463) ; *Hudson* v. *Allison*, 54 Ind. 215 ; *Lyon* v. *Roy*, 54 Ind. 300.

The fact, if conceded, that the pleadings may not have been broad enough in a contested case to authorize the judgment entered, might be a circumstance of some weight in support of the averment that the judgment as entered was not in accordance with the agreement of the parties, but, as

already stated, it would not be sufficient of itself to authorize the expunging of a part of the judgment.

We, however, place our decision upon other grounds. As above stated, the judgment in favor of Beard was rendered on the 9th day of March, 1883.

Subsequent thereto, but before this proceeding was instituted, Beard sold and conveyed the land to Bird, and sold and assigned all of his rights and interests in and to the judgment to him.

This proceeding was commenced on the 6th day of March, 1885. There was no service upon Beard, and the proceeding was prosecuted to its final decision below against Bird alone. He was an innocent purchaser, for value, both of the land and the judgment. The exact date of the conveyance and assignment to him is not stated, but as it was in 1884 it must have been at least ten months subsequent to the rendition of the judgment, and may have been one year and ten months subsequent to that time. In either event, we think that the laches on the part of the railway company, and the intervening rights of appellee, Bird, were such as to render it improper for the court to interfere by way of amending the judgment in favor of the former and against the latter. The court was asked to make the amendment, not by virtue of any statute of this State, but by virtue of its inherent authority to make the judgment as entered conform to the judgment as appellant asserts it was rendered. That the courts of this State have such authority in a proper case is well settled, but in exercising that authority they will look to the equities of the parties, and will not so exercise it as to reward the negligent, and at the same time destroy the equities of the innocent. *Ryon* v. *Thomas*, 104 Ind. 59, and cases there cited. See, also, *Chissom* v. *Barbour*, *supra*.

In the case before us, the railway company was in court, not only when the compromise was agreed upon and reported to the court, but as one of the parties to the compromise. Theoretically, if not in fact, it was in court when the

entry of the judgment was read and signed by the judge. There is no averment in the motion or complaint here that it was not so in court. As against innocent third persons, it was its duty to be thus in court, and to see to it that the entry embodied, correctly, the judgment agreed upon. The purpose of the statute requiring judgments to be read in open court before being signed by the judge, doubtless, is to give litigants an opportunity of calling attention to any mistakes which may have been made by the clerk. See Freeman Judgments, section 142. As against innocent third persons, a party ought to be charged with negligence who neglects to be in court when the entry of a judgment in which he is interested is read, or who, being in court, neglects to call the attention of the court to clerical mistakes by the clerk in the entry of the judgment.

Appellant not only failed to apply for a correction of the judgment entry when it was read in open court, and at the term at which the judgment was rendered, but also exercised no care to ascertain what the entry was, until after appellee had parted with his money in the purchase of the land and the judgment, and not even then, for it is averred in the motion or complaint that it had no notice of what that entry was until 1885, a short time before this proceeding was commenced, when called upon by appellee to construct the water-way.

Even where there are no innocent third persons involved, a court of equity will not interfere to relieve a party from a judgment where he has been guilty of gross laches. *Barber* v. *Rukeyser*, 39 Wis. 590; see, also, as analogous, *Brumbaugh* v. *Stockman*, 83 Ind. 583; *Burton* v. *Harris*, 76 Ind. 429. And especially will a party not be relieved from a judgment where he has been guilty of laches and rights of innocent third persons have intervened. See *Earle* v. *Earle*, 91 Ind. 27.

The law requires, as we have seen, that all entries of judgments shall be read in open court before being signed by the

judge. In the absence of something positive to the contrary, it will be presumed that the law was followed in that regard in the case of Beard against the railway company. And, in the absence of something positive to the contrary, it should be presumed in favor of the action of the court below that the judge who presided gave attention to the reading of the entry and affixed his signature to the judgment which he intended should be entered, and which he had in fact rendered upon the compromise and agreement of the parties. See *Forquer* v. *Forquer*, 19 Ill. 67.

We have said this much in passing without undertaking to determine as to whether or not there was, or is, anything in the record of the case of Beard against the railway company by which the amendment of the judgment asked could properly be made, or as to whether or not the judgment as entered by the clerk is in any way in conflict with the memorandum made by the judge upon the court docket. Under the circumstances, Bird, the purchaser of the land and the judgment from Beard, was not required to look beyond the order-book where the judgment was entered and attested by the signature of the judge. So far as shown here, that entry contained nothing indicating that it was not the judgment of the court, or that it had been made in violation of any contract or compromise between the parties. As between Bird and the railway company, he had the right to rely upon the order-book entry. As between them, he must be regarded as an innocent and good-faith purchaser of the land and the judgment.

As entered, the judgment affected the land in an important particular. The embankment for the bed of the railway obstructed a natural watercourse upon the land. The judgment provided for the removal of that obstruction. Whatever may be the force and effect of that portion of the judgment, or whatever may be the proper mode of its enforcement, we know of no reason why Bird might not, in the purchase of the judgment and the land, act upon the assumption that

the railway company would remove the obstruction by making the water-way as in the judgment provided. And, in addition, there was a judgment for twenty-five dollars, regular upon its face, entered in the proper order-book and attested by the signature of the judge. Upon the faith of that record Bird invested his money in the judgment and in the land. He was guilty of no negligence as against the railway company in relying upon the record. The court had complete jurisdiction. There was no fraud upon the court, nor was the railway company in any way prevented from making its defence to the action.

The record showed nothing indicating that any fraud had been practiced upon that company by Beard or his attorneys. It showed nothing to put Bird upon inquiry. The judgment had been entered, read in open court and signed by the judge without objection from the railway company. It had been allowed to stand as a public record without objection on the part of that company, and without any effort on its part in the way of a correction. In short, as between Bird and the railway company, the latter had been guilty of negligence, and the former had not.

The party thus guilty of negligence is not in a position to ask for an amendment of the judgment which shall operate to the injury of the party who was without fault.

In the case of *Ryon* v. *Thomas, supra,* it was said : "All mistakes in a final judgment of a merely clerical character may be amended in a direct proceeding for that purpose, where the rights of some third party have not intervened in such a manner as to render an amendment inequitable."

The case of *McCormick* v. *Wheeler,* 36 Ill. 114 (85 Am. Dec. 388), involved the right to a *nunc pro tunc* entry as against an innocent third person. The court said : "There is no doctrine resting on a more stable ground, both of reason and authority, than that all material amendments of a record must be made with a saving of intervening rights acquired by third persons. In an order allowing an amend-

ment, it is proper to express this by way of removing all doubt. But whether expressed or not, the law makes the reservation. For what is the judgment of a court? It does not reside, unspoken and unwritten, in the breast of the judge. It is not to be sought in the minutes or memoranda which the judge makes upon his own docket, and which the law does not require him to make, but which are merely kept by him for his own convenience, and to enable him to see that the clerk accurately makes up the record. These minutes, it is true, are a proper means of amending a record, but until the amendment is made, the public can act upon no other means of information than the official records of the court, as kept by an officer appointed by the law for that purpose. How often have this and other courts expressed the maxim that 'a record imports absolute verity?'"

In the case of *Church* v. *English*, 81 Ill. 442, one of the parties was asking for an amendment of the judgment so as to make it conform to the judge's minutes entered upon his docket. In the decision of the case the court said: "As between the original parties, we are not aware of any limitation as to the time in which such amendments may be allowed. No reason suggests itself why such amendments may not be made at any time, so long as anything definite and certain remains to amend by. But until the amendments are actually made, third persons can act upon nothing but the official record, kept by the officers appointed for that purpose, and all rights previously acquired are in no manner affected by subsequent amendments." *Cook* v. *Wood*, 24 Ill. 295; *McCormick* v. *Wheeler*, 36 Ill. 114.

This court has often stated the general rule to be, that judgment creditors are not purchasers; that their judgments are simply general liens upon whatever interest the judgment defendant may have in the land; that their rights do not stand in the way of the reformation of prior deeds and mortgages, nor in the way of the enforcement of equities as

between the grantor and grantee. *Hays* v. *Reger*, 102 Ind. 524; *Boyd* v. *Anderson*, 102 Ind. 217; *Foltz* v. *Wert*, 103 Ind. 404; *Heberd* v. *Wines*, 105 Ind. 237; *Wells* v. *Benton,* 108 Ind. 585. In those cases many of the former decisions are cited.

It has not been decided by this court, however, that a judgment like that under consideration will be amended by expunging a portion of it as against a good-faith purchaser and assignee, where the judgment defendant has been guilty of negligence and laches. On the other hand, there are a number of cases in our reports in which it was held that a good-faith purchaser and assignee of a judgment will be protected, under some circumstances, where his assignor, the judgment plaintiff, will not be. The doctrine of those cases, generally stated, received support by the opinion upon the petition for a rehearing in the case of *Wells* v. *Benton, supra.*

In the case of *Boyd* v. *Anderson, supra,* it was said, that in some of our cases, it was held that a deed or mortgage will not be reformed as against a *bona fide* assignee of a judgment.

In the case of *Flanders* v. *O'Brien,* 46 Ind. 284, it was held that a mortgage upon real estate could not be corrected in the description of the land as against an innocent *bona fide* purchaser and assignee of a judgment against the mortgagor. After stating that a mistake in the description of the land intended to be mortgaged may be corrected as against a subsequent judgment plaintiff, it was further said: "The equity in favor of the mortgagee in such cases may be stronger than that in favor of the judgment plaintiff. The judgment plaintiff has not, probably, parted with his money on the faith of the apparent facts. But where the judgment has been sold and assigned to one ignorant of the mistake in the mortgage, and who has expended his money upon the faith of the rights of the parties, as they appear in the respective securities, it is difficult to see any superior equity in the mortgagee. Such purchaser of the judgment has acted

upon the apparent facts of the case, as the parties have allowed them to exist. It is their fault if the papers do not speak the truth, and it may be unjust that their mistakes should be cured to his injury, who has been misled by their failure to attend carefully to their own business."

That ruling was approved in the case of *Busenbarke* v. *Ramey*, 53 Ind. 499, and reasserted in the case of *Wainwright* v. *Flanders*, 64 Ind. 306. See, also, *Ritter* v. *Cost*, 99 Ind. 80 (88) ; *Tuttle* v. *Churchman*, 74 Ind. 311; *Rooker* v. *Rooker*, 75 Ind. 571; *Milner* v. *Hyland*, 77 Ind. 458.

The cases last above noticed and cited are not in all respects like that before us, but they are somewhat analogous. The reasoning in those cases for the protection of the innocent against the negligent may be applied here for the protection of Bird, the purchaser of the land, and the purchaser and the assignee of the judgment.

The case of *Gray* v. *Robinson*, 90 Ind. 527, is more analogous. In that case there was a mistake in the amount of a judgment taken by agreement against the principal and sureties upon a promissory note. The amount was computed by the plaintiff. Execution was levied upon enough of the principal's property to satisfy the judgment. The sureties, to save it from sacrifice, paid the judgment, without any knowledge of the mistake, made settlement with the principal on the basis of the judgment, taking the obligation of a third person to indemnify themselves for the sum so paid; the property was disposed of, and the principal was insolvent. Afterwards the judgment plaintiff moved for a correction of the judgment. It was held that the judgment could not be corrected as against the sureties, upon the ground that a party will not be relieved from his own mistake or carelessness, where rights have been lost or money parted with on the faith of the apparent facts.

In support of the ruling, the court cited *Flanders* v. *O'Brien, supra,* and quoted Freeman on Judgments, section 66, as follows : " The entry of judgments or decrees *nunc*

*pro tunc*, is intended to be in furtherance of justice. * * * Generally such conditions will be imposed as may seem necessary to save the interests of third parties, who have acted *bona fide*, and without notice; but if such conditions are not expressed in the order of the court, they are, nevertheless, to be considered as made a part of it by force of the law."

And, further, section 74 of the same work, as follows: "Amendments of the entries of judgments and of decrees, * * will only be permitted in furtherance of justice, and on such terms as shall protect the interests of third parties acquired for a valuable consideration without notice."

To the same effect is the case of *Urbanski* v. *Manns*, 87 Ind. 585. In that case this court quoted with approval the following portion of section 66 of Freeman on Judgments: "The public are not expected nor required to search in unusual places for evidences of judgments. They are bound to take notice of the regular records, but not of the existence and signification of memoranda made by the judge, and upon which the record may happen to be afterwards perfected." See, also, *Wright* v. *Manns*, 111 Ind. 422.

Without further extending this opinion, we hold that by reason of negligence and laches on the part of the railway company, and the intervening rights and equities of Bird as an innocent purchaser of the judgment and land, the judgment should not be amended, as asked by the railway company, and that, therefore, the court below did not err in striking out appellant's motion or complaint.

Judgment affirmed, with costs.

Filed Dec. 11, 1888.