COLBURN v. McNUTT.

1. APPEAL AND ERROR—RECORD.

On appeal from an order in a drain case in a supplemental proceeding, where the court below had before it information not disclosed in the record, the Supreme Court will not substitute its judgment for that of the lower court.

2. INJUNCTION—SUPPLEMENTAL PROCEEDING—COURT MAY CONSIDER MATTERS SUBMITTED ON ORIGINAL HEARING.

Where nothing was done under an interlocutory decree granted in a former hearing affirming the validity of drain proceedings up to and including the final order of determination of the drain commissioner, and a supplemental bill was filed to restrain defendant drain commissioner from going ahead with the construction of the drain, the court below had a right to consider all matters sub-

mitted in the original hearing as well as matters supplemental thereto in this proceeding.

3. JUDGMENT — INTERLOCUTORY DECREE SUBJECT TO CONTROL OF COURT.
   An interlocutory decree remains subject to the control of the court throughout the remainder of the proceedings, and may at any time be amended or vacated.

Appeal from Montcalm; Davis (Frank D. M.), J. Submitted April 6, 1922. (Docket No. 33.) Decided June 5, 1922.

Supplemental bill by Benjamin F. Colburn against R. D. McNutt, drain commissioner of Montcalm county, to enjoin the construction of a drain. From a decree for defendant, plaintiff appeals. Affirmed.

*Griswold & Cook,* for plaintiff.

*Cogger & Dumon,* for defendant.

WIEST, J. This appeal brings up for review an order of the circuit court in a drain proceeding. Under a previous bill filed by plaintiff, the court upon the hearing made an interlocutory decree, setting aside all of the drain proceedings following the final order of determination of the drain commissioner, restrained all payments, appointed a person to supervise the construction of the drain under directions stated in the decree and fixed a time limit. Nothing was done under the permission and direction so granted.

The bill of complaint herein is supplemental to the first one and was filed to prevent defendant, as drain commissioner, from going ahead with the construction of the drain. The bill makes copious reference to the issues involved and determination thereon at the original hearing and seeks relief in addition to that formerly granted. Upon the filing of the bill herein a temporary injunction was granted and defendant

was required to show cause why it should not be made permanent.

Defendant filed an answer, accompanied by his affidavit. The hearing upon the injunction was had upon the bill and an affidavit filed therewith and the answer and affidavit of defendant, and an order was made modifying the injunction, but restrained certain proceedings by defendant, re-affirmed the validity of the drain proceedings up to and including the final order of determination of the drain commissioner, appointed another person to supervise the construction of the drain, directed defendant to cause a re-survey to be made, identical with the original survey, and to take notice in the letting of any contract for the drain that the tile had been purchased and were on the ground and that only the original price paid for the tile, plus 5 per cent. per annum from the time of their purchase, be considered. In his answer defendant consented to have some person appointed by the court to supervise the construction of the drain.

Plaintiff complains of this order, claiming it is in the nature of a decree and denies him the right to have proofs taken under the issues raised, and goes beyond the allegations in the pleadings, and asserts that the tile contract was never stated to the court in any of the proceedings, and asks:

"That the decree of the court be modified, leaving out all suggestions, advice and directions to the commissioner and all determination of disputed matters either of fact or law. And said decree should stand only as an order to restrain the commissioner from proceeding, as he was then proceeding, upon his new survey."

If the circuit judge had a right to consider the case on all the facts presented from the time of its inception, in determining the scope of the injunction to be awarded, then he had information not disclosed

in this record and we ought not to substitute our judgment for his.   We think the circuit judge had a right to consider all matters submitted in the original hearing as well as matters supplemental thereto in this proceeding.

It is stated in 16 Cyc. p. 503:

"An interlocutory decree remains subject to the control of the court throughout the remainder of the proceedings and may at any time be amended or vacated. This power of revision may be exercised on motion or petition, or by rendering on final hearing a different decree."

In *Ryon* v. *Thomas*, 104 Ind. 59 (3 N. E. 653), the rule was stated as follows:

"While the record entry in question contains a finding of certain facts and has some of the characteristics of a final decree in chancery, it is, nevertheless, essentially nothing more than an interlocutory order entered in a matter *in fieri*, of purely equitable jurisdiction.   Such interlocutory orders, when within the jurisdiction of the court, are, as to all matters properly embraced within them, of binding authority so long as they remain in force, but they are within the control of the court making them until the proceeding or cause in which they are made is finally disposed of.

"Such orders, when ascertained to be erroneous or an impediment to further rightful proceedings, may and ought to be amended, modified or set aside, as the right of the case requires, either upon direct and summary proceedings instituted for that purpose, or by the court upon its own motion."

See *Jeffery* v. *Robbins*, 167 Ill. 375 (47 N. E. 725).

The litigation concerning the establishment of the drain has extended over the period of several years.

Upon due consideration of the record before us, we must affirm the order, with costs to defendant.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.